UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAY 20 P 4:52
U.S. DISTRICT COURT
BRIDGEPORT, CONN

BRISTOUT BOURGUIGNON
Vs.
John Armstrong, et. al

DOCKET NO.
3:03 CV 232 (RNC)

MAY 14, 2004

PLAINTIFF OBJECTION TO THE DEFENDANT MOTION FOR EXTENTION OF TIME TO PROVIDE DISCOVERY

The Plaintiff moves pursuant to Rules 26 Fed. R. Civ. P. and objected to the defendants motion for extention of time to provide discovery. The Plaintiff Requested for production of documents to the defendant John J. Armstrong et. al dated on march 24, 2004. The defendants failed to comply with the Plaintiff Request for production of documents within 30 days which is a violation of Rules 34 (a) (b) (c). The Plaintiff Request the Court to deny the defendants' motion and order the defendants to produce for inspection and copying the documents Requested on march 24, 2004.

The Plaintiff states the following:

that is or may be in the case."
Oppenheimer Fund, Inc. vs. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978) (Foot note ommitted).
Accord, Weiss vs. Amoco Oil Co. 142 F.R.D. 311, 315 (S.D. Iowa 1992)
Discovery Request should be allowed "unless it is clear that information sought can have no possible bearing upon the subject matter of the action." La Chemise Lacoste vs. Alligator Co. Inc, 60 F.R.D. 164, 171 (D. Del 1973).

3. The Plaintiff does not seek personel record in any general way. The plaintiff seeks documents pertaining to particular kinds of complaints and allegation about these defendants.
The plaintiff wants to review the Aurora hallway video tape, the stairs 4 video tape, the Gym video tape, and the hand held video tape of the escort to the Lieutenant's office and also the plaintiff want to resume the right in the future to subpeona additional complete video tapes from Corrigan facility.
Parish v. Luckie, 963 F.2d 201, 205-06

1. The defendants argued that they need additional time to respond to Plaintiff's Request for production Numbers 4 through 7, 9, 13, 14, 17, 18, 19, 20 because video tapes Requested by the Plaintiff contain information and violation against the Plaintiff civil Rights and his Constitutional Rights which the Release of could Jeopardize the Reputation and Safety and Security of the facility.

2. The Plaintiff argument is that the discovery sought is Relevant to the Plaintiff claims and defenses in the case.

according to Rule 26, fed.R.Civ.P., permits discovery of matters" Relevant to the subject matter involved in the pending action... it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears Reasonbly calculated to lead to discovery of admissible evidence." IN the discovery stage, Relevance is construed" broadly to encompass any matter that could bear on, or that Reosanably could lead to other matter that could bear on, any issue

(8th Cir. 1992)
Foley v. City of Lowell, Mass, 948 F.2d 10, 14-16 (1st Cir. 1989);
Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 572-75, (1st Cir. 1989);

## Conclusion

For the foregoing reasons, the court should deny the defendants' motion for extention of time to provide discovery and order the defendants to comply with Rules 34(a)(b)(c) and produce for inspection and copying the documents requested on March 24, 2004

The Plaintiff
Bristout Bourguignon

## CERTIFICATION

I hereby certify that a copy of foregoing title was mailed in accordance with Rule 5(b) of the F.R.C.P, on this, the 14 day of May, 2004, first class postage prepaid to: Robert b. Fiske, III Assistant attorney general. 110 Sherman St. Hartford, CT. 06105

Bristout Bourguignon
BRISTOUT BOURGUIGNON