UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAY 24  P 4:4?
U.S. DISTRICT COURT
HARTFORD. CT.

BRISTOUT BOURGUIGNON

v.

JOHN ARMSTRONG, ET AL.

: PRISONER
: Case No. 3:03CV232 (RNC)(DFM)

### RULING ON PENDING MOTIONS

Pending before the court are the plaintiff's motions to serve the defendants and for leave to amend as well as the defendants' motion for extension of time. For the reasons set forth below, the plaintiff's motions are denied and the defendants' motion is granted.

I. Motion to Serve Defendants [doc. # 13]

The plaintiff states that the United States Marshal was unable to execute mail service of the amended complaint upon the defendants in their individual capacities. He seeks a court order directing the United States Marshal to personally serve defendants. On March 11, 2004, Assistant Attorney General Fiske appeared for all of the defendants in both capacities. Because counsel has appeared for all defendants, the plaintiff's motion to serve defendants in their individual capacities is denied as moot.

II. Motion for Leave to Amend [doc. # 12]

The plaintiff seeks to file a second amended complaint. Because the plaintiff has already filed one amended complaint, he must seek leave of court to file another amended complaint. See Rule 15(a), Fed. R. Civ. P. "Common sense dictates that a party

requesting leave to file an amended pleading must accompany his motion with a copy of the proposed amended complaint that complies with the general rules of pleading in Fed. R. Civ. P. Rule 8(a)." Brownes v. City of Gary, Ind., 112 F.R.D. 424, 425 (N.D. Ind. 1986). This is necessary "so that the court and the adverse party will know the precise nature of the pleading changes being proposed." Id.

The plaintiff has filed a motion for leave to file an amended complaint to add Advocate Southworth and Investigator Brito as defendants. The plaintiff does not attach a proposed amended complaint to his motion. Because the plaintiff has not submitted a proposed amended complaint, neither the court nor the opposing party can properly ascertain whether the plaintiff's motion possesses merit. See Clonlara, Inc. v. Runkel, 722 F. Supp. 1442, 1449 (E.D. Mich. 1989) ("Without the proposed amendment, it is impossible to determine whether justice requires that the amendment be granted."). Accordingly, the plaintiff's motion to amend is denied without prejudice. Any renewed motion for leave to amend must be accompanied by a proposed amended complaint.

III. Motion for Extension of Time [doc. # 16]

The defendants seek a ninety day extension of time to respond to plaintiff's May 24, 2004 Request for Production. The motion is granted. Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

2

1. Defendants shall file any motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or motion to dismiss as frivolous under Title 28 U.S.C. § 1915(e) or answer or other reply to the amended complaint within **twenty days** of the date of this order. **Failure to respond to the amended complaint in a timely manner will result in the entry of default for failure to plead.**

2. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed within four months (120 days) of the date of this order. Discovery requests need not be filed with the court.

3. All motions for summary judgment shall be filed within five months (150) days of the date of this order.

4. Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

## Conclusion

The plaintiff's Motion for Service [doc. # 13] and Motion for Leave to Amend [doc. # 12] are DENIED. The defendants' Motion for Extension of Time to Provide Discovery [doc. # 16] is GRANTED.

SO ORDERED this 24th day of May, 2004, at Hartford, Connecticut.

_____
Donna F. Martinez
United States Magistrate Judge