UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUL 27 P 5:14
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | |
|---|---|
| BRISTOUT BOURGUIGNON | PRISONER CASE NO. 3:03 CV 232 (RNC) |
| vs. | |
| JOHN ARMSTRONG, Et, al | July 20, 2004 |

BRIEF IN SUPPORT OF PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 15(c) Fed. R. Civ. P. the above named Plaintiff Respectfully submit this Brief is support of Plaintiff in opposition to defendants' Motion to dismiss.

STATEMENT OF THE CASE

This is a § 1983 action filed by the Plaintiff Bristout Bourguignon against the defendant John Armstrong et. al seeking money damages in the form of compensatory, declaratory judgment and punitive damages based on the cruel and unusual punishment, excessive force and the denial of due procedural due process.

## STATEMENT OF FACTS

As set forth in the accompanying declaration of the plaintiff, BRISTOUT BOURGUIGNON was subjected by the defendants to an overcrowded gym with more than 150 inmates sleeping on the gym floor which cause the plaintiff's mental and physical well being to be at risk. Serious physical deterioration of the prison violated the plaintiff constitutional Rights. The complaint in this case alleges that the plaintiff was assaulted to the misuse of force by several correctional officers, some of whom actively beat and kicked him and others of whom watched and failed to intervene. It alleges that supervisory official were aware of the violent propensities of some of the officers and are liable failing to take action to control them. The plaintiff was subsequently denied due process in a disciplinary hearing by the hearing officer, investigator Brito, advocate counselor Southworth, Warden Wezner, and the commissioner John Armstrong.

The plaintiff was convicted of serious prison diciplinary charges at a hearing in which none of the witnesses he requested were called. The hearing officer, investigator

Brito, advocate counselor Southworth stated that the inmate witnesses were not called because they were in general population and the plaintiff was in segregation. Prison practice is to remove all inmates charged with serious offenses to segration from general population pending their hearings. Also, the hearing officer, investigator Brito, and advocate Southworth stated that the staff witnesses were not called because their written report provided a "full picture".

No evidence was submitted at the hearing in support of the disciplinary charges and the plaintiff specifically denied the charges. The written deposition of the hearing officer stated only, "guilty as charged based on staff statement," with no further explaination. The plaintiff was sentenced to chronic discipline program for 6 months. The plaintiff appealed to the warden defendant Werner, pointing out the due process violations in the hearing, but defendant Werner affirmed the convictions.

# ARGUMENT

## POINT I

**THE PLAINTIFF AMENDED COMPLAINT IS NOT BARRED BY THE PRISON LITIGATION REFORM ACT.**

Pursuant to Rule 15(a)(c) Fed.R.Civ.P. "Common sense dictates that a party Requesting leave to file an amended pleading must accompany his motion with a copy of the proposed amended complaint that complies with the general Rules of Pleading in Fed.R.Civ.P. Rule 8(a) <u>Brownes v. City of Gary, Ind.</u>, 112 F.R.D. 424, 425 (N.D. Ind. 1986). This is necessary" so that the court and the adverse party will know the precise nature of the pleading changes being proposed." <u>Id.</u> On June 9, 2004 the plaintiff submitted to the defendants and the court the proposed amended complaint that complies with gen. Rules of Pleading in Fed.R.Civ.P. Rule 8(a).

## POINT II

**THE DEFENDANTS ARE NOT PROTECTED BY THE ELEVEN AMENDMENT.**

AT the time of the alleges assault, the defendants were acted under color of state which rejects a claim of qualified immunity under the protection of the eleven amendment. The defendants actions and intentions violate "clearly established statutory or constitutional rights of which a reasonable person would have known. Howard vs. Adkison, 887 F. 2d 134, 140 (8th Cir. 1989) (defendants who acted in violation of prison policies were not immune) Harlow vs. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct 2727 (1982), the question has also been stated as" whether a reasonable officer could have believed (his/her) actions to be lawful, in light of clearly established Law and the information the (defendant) possessed." Anderson vs. Creighton, 483 U.S. 634, 641, 107 S. Ct 3034 (1987) The Supreme Court described this rule as one of "objective legal reasonableness." Id. A defendant's subjective state of mind is not relevant to qualified immunity defense. Davis vs. Sherer, 468 U.S. 183, 191, 104 S. Ct. 3012 (1984).

## POINT III

## THE DEFENDANT ARMSTRONG AND WARDEN WEZNER ARE LIABLE FOR THE DUE PROCESS VIOLATIONS BY REASON OF THIER FAILURE TO CORRECT THEM ON ADMINISTRATIVE APPEAL.

Although Commissioner Armstrong and Warden Wezner did not commit the due process violation, They became responsible for them when they failed to investigate and correct them in the course of their supervisory responsibilities. A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct it. William vs. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

In particular, Wardens and other high-level prison officials who are designated to decide disciplinary appeals have the duty to conduct at least a "minimal investigation" when confronted with evidence of due process violation, and they may be held liable for failing to perform this duty. King vs. Higgins, 702 F.2d 18, 21 (1st Cir.), cert. denied, 464 U.S. 965 (1983); accord, Lewis vs Smith, 855

F. 2d 736, 738 (11th Cir. 1988); Gabai vs. Jacoby, 800 F. Supp. 1149, 1156 (S.D.N.Y. 1992) Feagin v. Broglin, 693 F. Supp. 736, 740 (N.D. Ind. 1988); Pino vs. Dalsheim, 605 F. Supp. 1305, 1319 (S.D.N.Y. 1985). Dyson vs Kocik, 564 F. Supp. 109, 120 M.D. PA. 1983) aff'd, 740 F. 2d 956 (3d Cir. 1984).

It cannot be argued that the warden defendant Wezner and defendant Comissioner Armstrong did not learn of the due process violation in this case. The inadequate statement of reason, the failure to call any of the plaintiff's witness, and the lack of evidence in the Reports for the diciplinary charges were all apparent from the documents created in the course of the disciplinary proceeding. Moreover, the plaintiff identified the over crowded gym which constituted a violation of the plaintiff constitutional rights and cruel and unusual punishment, excessive force, and the due process violations in his appeal letter, so the warden Wezner and the Commissioner knew just what to look for.

This is a case where the Commissioner defendant Armstrong and defendant Warden Wezner personally had a job to do, and they did not do it, and their failure to do their job was "so likely to result in the violation of the plaintiff's constitutional rights" as to establish deliberate indifference on their part. <u>Hill</u> vs. <u>Marshall</u>, 962 F. 2d 1209, 1213-14 (6th Cir. 1992) (emphasis in original), cert. denied __ US __ (1993). Deliberate indifference by supervisory officials to the plaintiff's constitutional right is sufficient to establish liability under 42 U.S.C. § 1983. <u>Aswegan</u> v. <u>Bruhl</u>, 965 F. 2d 676, 677 (8th Cir. 1992); <u>Walker</u> v. <u>Norris</u>, 917 F. 2d 1449, 1456 (6th Cir. 1990).

## POINT IV

### THE DEFENDANTS VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE FIRST AMENDMENT.

---

The defendants, Lt Delaney and Lt. Herbert told the plaintiff that their policies forbids an inmate to exercise his freedom of speech or freedom of expression, and that no one has the rights to complain against the over crowded gym. While

Lt. Herbert and Lt Delaney kicking, punching, and knee strikes the plaintiff. They told the plaintiff that " shut up, no body talked about the over crowded gym over here"... then they said who ever talked and complain about the gym they will fuck you up". That was their Retaliation message towards the plaintiff and then went on abusing the plaintiff for complaining about the over crowded gym and the gym conditions.

Retaliation against a prisoner for exercise amendment Rights is unlawful. <u>Cain vs. Lane</u> 857 F.2d 1139, 1143 (7th Cir. 1988). (discipline for trying to document inmate complaints about condition stated a first amendment claim).

The defendants who got the plaintiff involved with this, inmate Jay Andrew, who admitted writting the Legal petition documents and complaining about the living condition of the over crowded gym. <u>Richardson vs. Coughlin</u>, 763 F. Supp. 1228, 1234-37 (S.D. N.Y. 1991). (prisoner could not be punished merely for gathering signatures on a petition where prison Rules did not specifically prohibited such action).

## POINT V

THE CONDUCT OF THE PLAINTIFF'S DICIPLINARY HEARING BY DEFENDANTS INVESTIGATOR BRITO, ADVOCATE COUNSELOR SOUTHWORTH AND THE HEARING OFFICER DENIED HIM THE DUE PROCESS OF LAW.

When prison officials subject inmates to serious punishment like punitive segregation, they must observe the safeguards of due process. WOLFF vs McDONNELL, 418 U.S. 539, 556-59, 94 S. CT. 2963 (1974); Gilbert vs Frazier, 931 F.2d 1581, 1582 (7th CIR 1991). Defendants investigator Brito, Advocate Counselor Southworth and the hearing officer, violated due process requirements in three respects.

A. The Resufal to call the plaintiff's witnesses denied due process.

Prisoners have the right to call witnesses when it is not "unduly hazardous to institutional safety or correctional goals." WOLFF vs. McDONNELL, 418 U.S. 539, 566, 94 S. CT. 2963 (1974). Witnesses may be denied for reasons such as irrelevance, lack of

Necessity, or the hazards presented in individual cases." <u>Wolff</u> vs <u>McDonnel</u>, 418 U.S. at 566. None of these reasons apply to this case, and none of them were stated by the defendants.

Defendants investigator Brito and advocate counselor Southworth stated that they would not call the plaintiff witnesses because they were in general population and the plaintiff was in segregation. If this justification were accepted, it would effectively abolish the right to call the plaintiff witnesses, since it is standard prison procedure to place inmates charged with disciplinary offenses in segregation pending their hearings. This justification, therefore, amount to the kind of blanket policy of denying witnesses or types of witnesses that courts have repeatedly struck down as violating due process. <u>Forbes</u> vs. <u>Trigg</u>, 976 F. 2d 308, 316-17 (7th Cir, 1992) <u>McFarland</u> vs. <u>Cassady</u>, 779 F. 2d 1426, 1428 (6th. Cir. 1985); <u>McCann</u> vs. <u>Coughlin</u>, 698 F. 2d 112, 122-23 (2d Cir. 1983); <u>Bartholomew</u> vs. <u>Watson</u> 665 F. 2d F. 2d 915 (9th Cir, 1982).

The witness were not irrelevant or unnece-

ssary. They were in a position to see and hear all or part of the of the incident. Had they been called, they could have testified that when the officers came to the over-crowded gym, the plaintiff was sleeping at the time when they came to got him, that he offered no resistance to the officers or their orders, that they used excessive force and utilizing pepper sprays into his eyes many times without provocation; and that they handcuffs him and tortured him, and beat him and kicked him without provocation or resistance.

Court have repeatly held that the refusal to call witnesses with personal knowledge of the incident in question denies due process. FOX vs. Coughlin, 893 F.2d 475, 478 (2d Cir. 1990). This is especially so when a "prisoner" faces a credibility problem trying to disprove the charges of a "prison guard", Ramer v. Kerby, 936 F.2d 1102, 1104 (10th Cir. 1991), and when the hearing officers, investigator and advocate refuses to hear any witnesses corroborating the accused inmate, Graham vs. Baughman, 772 F.2d 441, 445 (8th Cir. 1985); Green v. Nelson, 442 F. Supp. 1047, 1057 (D. Conn. 1977) both of which apply to this case.

B. THE failure to provide a meaningful explanation of the finding of guilt denied due process.

Prisoners who are found guilty of disciplinary charges are entitled to a "written statement by the fact finders as to the evidence relied on and the reasons for the disciplinary action". Wolff vs. McDonnell, 418 U.S. at 565, quoting Morrissey vs. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593 (1972). Several courts have held that the practice of simply adopting the reports of staff members with no further explanation denies process. Dyson vs. Kocik, 689 F.2d 466, 467-68 (3d Cir. 1982). King vs. Wells 760 F.2d 89, 90, 93 (6th Cir. 1985), Chavis vs. Rowe 643 F.2d 1281, 1286-87 (7th Cir.) Cert. denied, 434 U.S. 959 (1977) Owens vs. State, 507 So. 2d 576, 578 (Ala. Cr. App. 1987); State ex Rel. Meeks vs. Gagnon, 95 Wis. 2d. 115, 289 N.W.2d 357, 362-63 (Wis. App. 1986). Prison officials must provide some degree of explanation for the conclusions they reach. Washington vs. Chrans 769 Supp. 1045, 1052 (C.D. Ill. 1991); Robinson vs Young, 674 F. Supp. 1356, 1368 (W.D. Wis. 1987) Staples

vs. Traut, 675 F. Supp. 460, 465-68 (W.D. Wis. 1986)

Here, the defendants provided no explaination what so ever for believing the written reports of the officers over the personal testimony of the plaintiff.

C. THE PLAINTIFF'S CONVICTION ON DISCIPLINARY CHARGES, UNSUPPORTED BY ANY EVIDENCE, DENIED DUE PROCESS.

Due process forbids officials to convict prisoners of disciplinary offenses unless there is "some evidence" to support the charges. Superintendent vs. Hill, 472 U.S. 445, 457, 105 S. Ct. 2768 (1985). In this case, there was no evidence to support the charge of the disciplinary charges.

The only evidence at the hearing was the written reports of all defendants and the testimony of the plaintiff. There is nothing in any of their reports to support the conclusion that the plaintiff spoke or communicated with other inmates in any fashion, much less "incited"

them. Nor is there any such evidence in the plaintiff's testimony. In the absence of any evidence, the conviction of an attempted assault on D.O.C employee denied due process.

Wherefore, the plaintiff respectfully request to the court that the defendants' motion to dismiss be denied on the ground that there are genuine issues of material fact to be resolved and that the plaintiff also complied with court rules by submitted to the court and the opposing party a motion with copy of the proposed amended complaint that complies with the general rules of pleading in Fed. R. Civ. P Rule 8(a).

The Plaintiff

Biratrut Bourguignon

Pro-Se

## CERTIFICATION

I hereby certify that the following, Declaration was mailed to the following, this, The __20__ day of __July__, 2004 to:

Robert B. Fiske III
Assistant Attorney General
110 Sherman St.
Hartford, CT 06105

*Bristout Bourguignon*
BRISTOUT BOURGUIGNON