UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUL 22 P 5:14
U.S. DISTRICT COURT
BRIDGEPORT, CONN

BRISTOUT BOURGUIGNON

vs.

JOHN ARMSTRONG, ET AL

PRISONER
NO. 3:03cv232(RNC)

July 20, 2004

## DECLARATION IN SUPPORT OF PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Bristout Bourguignon declares under penalty of perjury.

1. I am the Plaintiff in this case. The Complaint alleges that I was assaulted by prison staff, convicted of serious diciplinary charges and punished without the due process of law. I submit this declaration in support of Plaintiff in opposition to defendants' Motion to Dismiss based on the use of excessive force, the denial of procedural due process of law.

2. I am an inmate at Osborn Correctional facility. On December 15, 2002, I was a[ssaulted] by prison staff at Corrigan C.I. who abus[ed]

and subdued me and applied unnecessary force to restrain me and claim that my injuries is the result from attempts to escape their grasp. The defendants claim that they kicked me, punched me, knee strikes, and employed excessive tear gas against me only after I had made it impossible for them to subdue me without it. (Notice of the use of chemical agents report and the use of force report are attached to this affidavit as <u>exhibit</u> 1, 2).

3. As a result of the december 15, 2002, incident I was served with disciplinary charges for impeding order, flagrant disobedience, and attempted assault on staff. (The notice of those charges is attached to this affidavit as <u>exhibit 3</u>.)

4. I received a diciplinary hearing on december 18, 2002. Before the hearing, pursuant to the usual institutional procedures, I requested that the hearing officers call 5 inmates as witnesses for me. I provided the names of three of them and copies of the witnesses statements. (Notice of the witnesses statements and inmate request is attached to this affidavit as <u>exhibit 4</u>).

5. At the same time I requested that the hearing officer, advocate Southworth, investigator Brito call the seven officers who been involved in the altercation. I identified all of them.

6. The hearing officer, advocate Southworth and investigator Brito, refused to call any of these witnesses, stating that they would not call witnesses from general population to a hearing, inmate and that the staff reports gave a "full picture" of the incident.

7. The usual practice in the prison is to remove any general population inmate to segregation when he is charged with a serious disciplinary offense. I base this statement about prison practice on my observation that inmates in my houses area have almost always been removed after being charged with serious disciplinary offenses and on numerous statements by correctional officers who are agents of the defendant Warden Wezner that inmates with disciplinary charges had been taken to segregation.

8. The evidence at the hearing consisted solely of the written reports of the

Seven officers and my testimony.

9. AFTER the hearing I received a written disposition stating only "Guilty" as charged based on the officers statements, and sentencing me to 6 months in chronic discipline program. (A copy of the Disciplinary Investigation Report is attached to this affidavit as exhibit 5).

10. The staff statements stated that I intented to a letter of petition amongst inmates of the gym to participate in anything such as riot in large numbers. The statements did not state any facts showing that I had incited other inmates to riot, and I specifically denied doing so at the hearing. (Copies of the officers' statements are attached to this affidavit as exhibit 6).

11. Consistently with institutional procedure I filed an inmate grievance form A, Level 1 regarding the overcrowded gym on 12-12-02. On 12-21-02, I filed an administrative appeal. And on 12-22-02, I submitted an inmate request form to the warden Wezner, pointing out the misuse of force by his staff, and failure to call any of my witnesses, the

Lack of evidence to support the disciplinary charges, and the failure of the written disposition to explain the reason for the finding of guilt. On 1-3-03 the defendant warden Wezner denied my appeal. (Copies of inmate grievance form A, Level 1, administrative appeal, copy of inmate request form, defendant warden Wezner's letter are attached to this affidavit as <u>exhibits</u> 7, 8, 9, 10).

12. On January 15, 2003, I wrote to the defendant commissioner John J. Armstrong point out the abuse and misuse of force by his staff, and on February 25, 2003 he responded to my complaint by denied my complaint, and violated my due process of law. (Copies of my complaint to the defendant commissioner Armstrong and defendant Armstrong's letter are attached to this affidavit as <u>exhibits</u> 11, 12).

13. For the reasons stated in the brief submitted with this motion, these undisputed facts establish that defendants use of force and denied my right to the due process of law. And that the foregoing factual allegations create a

genuine issue of material fact and will, if proved at trial, entitle me to Judgment, as explained in the brief submitted with this declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

<u>The Plaintiff</u>
*Bristout Bourguignon*

## CERTIFICATION

I hereby certify that the following Declaration was mailed to the following, this, the 20 day of July, 2004 to:

Robert B. Fiske III
Assistant Attorney General
110 Sherman St.
Hartford, CT 06105

*Bristout Bourguignon*
BRISTOUT BOURGUIGNON