UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON : PRISONER
: NO. 3:03 CV 232 (RNC)
Vs. :
:
JOHN J. ARMSTRONG. et, AL : August 4, 2004

BRIEF IN SUPPORT of MOTION TO COMPEL DISCOVERY

## STATEMENT OF THE CASE

This is a § 1983 action filed by the Plaintiff BRISTOUT BOURGUIGNON against the defendant John. J. ARMSTRONG et, al seeking money damages in the form of compensatory declaratory judgment and punitive damages based on the cruel and unusual punishment, excessive force and the denial of due procedural due process.

## STATEMENT OF FACTS

On March 24, 2004, the plaintiff served on the defendants' counsel a Request for Production of documents pursuant to Rule 34 (a) (b) (c).

On June 21, 2004 The Plaintiff served the defendants 25 questions of interrogatories pursuant to Rule 33 Fed. R.C.P. And on June 22, 2004 the plaintiff served on the defendants a Request for admissions pursuant to Rule 36 F.R.C.P. As set forth in the Plaintiff's affidavit, the defendants failed to cooperate with the plaintiff discovery according with Rule 26. The defendants served a response in which they objected to the plaintiff's efforts to resolve the dispute. See Plaintiff's affidavit at ¶¶. 2-7.

## ARGUMENT

### POINT I

DEFENT HAVE WAIVED THEIR OBJECTIONS BY THEIR FAILURE TO COOPERATE WITH THE PLAINTIFF REQUEST

The Rules provide that Responses and objections to the plaintiff's Request for production of documents and Request Plaintiff's interrogatories and Request for admissions, are to be answers pursuant to Rule 26. The defendant, however failed to cooperate and comply with the plaintiff Request for discovery.

It is well established in federal practice that "discovery objections are waived if a party fails to cooperate and comply with the plaintiff's discovery". Godsey v. United States, 133 F.R.D 111, 113 (S.D. Miss 1990); Accord, DeMary v. Yamaha Motor Corp, 125 F.R.D. 20, 22 (D. Mass. 1989) and cases cited; Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass 1988); Cephas v. Bush 47 F.R.D. 371, 373 (E.D. Pa. 1969); Sturdevant v. Sears, Roebuck & Co., 32 F.R.D. 425 (W.D. MO 1963). This waiver is enforced even if the objections are based on a claim of privilege. Marx v. Kelly, Hart & Halman, P.C. 929 F. 2d 8, 12 (1st Cir. 1991); Fretz v. Keltner, 109 F.R.D. 303, 309 (D. Kan 1986) and cases cited; Cardox Corp. v. Olin Matthiesen Chemical Corp. 23 F.R.D. 27, 31 (S.D. Ill 1958); The noncomplying party is excused from the waiver only if the discovery is "patiently improper", Godsey v. United States, 133 F.R.D. at 113, or if it "far exceeds the bound of fair discovery". Keewson v. City of Quincy, 120 F.R.D. at 7.

As shown in the next several points, the discovery sought is not only proper but is highly appropriate and relevant.

# POINT II

## THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIM AND DEFENSES IN THE CASE.

Defendants' belated objections state that the documents requested by the plaintiff are irrelevant to the action. Their argument is frivolous.

Rule 26, Fed. R. Civ. P., permits discovery of matters "relevant to the subject matter involved in the pending action.... It's not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." In the discovery stage, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978) (foote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992). Discovery requests should be allowed "unless it is clear that the infor-

motion sought can have no possible bearing upon the subject matter of the action." La Chemise Lacoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D. Del. 1973); See Nash v. Thielke, 743 F. Supp. 130 (E.D. Wis. 1990).

EACH ITEM SOUGHT BY THE PLAINTIFF IS RELEVANT TO THE CLAIMS AND DEFENSES IN CASE.

A. Documents Relevant to past mistreatment and violations of inmates by defendants Commissioner Armstrong, Warden Welner, Lt. Herbert, Lt. Delaney, C.O. Brunski, C.O. Bakanowski.

The plaintiff seeks in his discovery any grievances, complaint, or other documents received by the defendants or their agent at Corrigan correctional facility concerning violation or mistreatment of inmates by defendants, and any memoranda, investigate files, or other documents created in response to such documents, since December 12, 2004 and December 15, 2004.

THE defendants state generally in their objections that the plaintiff's interrogatories dated June 21, 2004, on the ground the discovery sought is irrelevant, burdensome and privileged have no merit and that the number of interrogatories exceeds the maximum under this federal rule.

FIRST, the plaintiff did not exceeded the maximum permitted under the federal rules of civil procedures. In fact, on June 21, 2004 pursuant to Rule 33 F.R.C.P. the plaintiff requested that defendants Armstrong et al directed to answer his 25 questions of interrogatories in writing under oath. See Plaintiff's affidavit attached as <u>exhibit 3</u>.

Also, the defendants state generally in their objections that the plaintiff request for admissions are not directed at any particular party and therefore are objectionable due to their vagueness. And they said that the plaintiff's request for admission are argumentative or contain legal conclusion.

SECOND, the plaintiff does not seek personnel record in any general way. He seeks documents pertaining to particular kinds

about five of the seven defendants, and nothing has been done about them. Evidence to that effect would be highly relevant to the claim of supervisory liability against defendants Commissioner Armstrong and Warden Wezner for security, set out in the plaintiff complaint that the actions of defendants Lt. Delaney, Lt. Herbert, C.O. Brunski, C.O. Bakanowski. See Parrish v. Luckie, 963 F.2d 201, 205-06 (8th Cir. 1992); Foley v. City of Lowell, Mass, 948 F.2d 10, 14, 16 (1st Cir. 1991); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 572-75 (1st Cir. 1989); Fletcher v. O'Donnell, 867 F.2d 791, 794 (3d Cir. 1989). This evidence may also support the claims against the officers themselves. Rule 404(b), FRE, provides, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence of prior incident of abuse by prison or law enforcement personnel have been admitted by several courts as relevant to "motive

of complaints and allegations about these defendants whether or not they are part of personnel records. He does not seek other matters that may be in their personnel records, such as medical data, or information about their record of lateness, leaves and vacations, etc. The plaintiff simply wants the defendants to admit or deny the truth of facts to the plaintiff request for admissions in this matter, see Plaintiff's affidavit attached as <u>exhibit 5, 6.</u>

The defendants state in their objections that the plaintiff's request for production of documents dated on March 24, 2004, is not relevant to the issues in the plaintiff complaint. And that, this request is not reasonably calculated to lead to the discovery of admissible evidence. see plaintiff's affidavit attached as <u>exhibit 1, 2.</u>

THIRD, the kind of information sought is highly relevant. The plaintiff has information sought is highly relevant, the plaintiff has information that repeated complaints about excessive force, over-crowded gym and mistreatment of inmates have been made

opportunity, intent, preparation, plan, knowledge identity, or absence of mistake or accident." See Ismail v. Cohen, 899 F.2d 183, 188-89 (2d Cir. 1990); UNITED STATES v. Dise, 763 F.2d 586, 592 (3d Cir. 1985); Sharpe v. City of Lewisburg, Tenn., 677 F. Supp. 1362, 1365 (M.D. Tenn. 1988); See Hayden v. Maldonado, 110 F.R.D. 157, 159 (N.D.N.Y 1986) (evidence of other incidents could refute a claim that the defendants were "calm men" who would not assault anyone)

For these reasons the material is relevant and should be produced.

The Plaintiff
Bristout Bourguignon

## CERTIFICATION

I hereby certify that the following motion was mailed to the following, this 4 day of August, 2004 TO:
Robert B. Fiske III
Assistant Attorney General
110 Sherman St.
Hartford, CT 06105

Bristout Bourguignon
BRISTOUT BOURGUIGNON