EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON                    PRISONER NO.
                                        3:03 CV 232 (RNC)

Vs.

JOHN J. ARMSTRONG, et al.               MARCH 24, 2004

## PLAINTIFF REQUEST FOR PRODUCTION OF DOCUMENTS.

PURSUANT to Rules 34 (A)(B)(C), Fed.R.CIV.P, the Plaintiff Request for Production of documents to the defendant John J. ARMSTRONG, et al. the Plaintiff Request the defendants to produce the documents listed herein within 30 days, either by providing the Plaintiff with copies or by making them available to the Plaintiff for inspection and copying.

1. Full and complete copy of D.O.C Directive 2.17 employee's conduct

2. Full and complete copy of D.O.C. Directive 6.5 use of force.

3. ALL official Reports, investigation and

Witness statement that D.O.C. Produce when there is a use of force in Regard to incident dated 12-15-02.

4. Copy of Aurora tape of the Gym Recording by Corrigan before the incident dated 12-12-02.

5. Copy of Aurora tape of the Gym Recording by Corrigan after incident, escort tapes of the incident dated 12-15-02.

6. Copy of video tape that was recorded by Correctional officer after the incident dated 12-15-02. When Plaintiff escorted to medical screening room. To be preserved for pre-trial review and if necessary for trial.

7. Copy of video tapes that was recorded by Correctional officers during the incident dated 12-15-02. Plaintiff Request the defendants to provide him with the Aurora hallway video tape and the hand held video tape of the escort to the Lieutenant's office.

8. List of all D.O.C employees that were involved with incident of Date 12-15-02.

9. A full and complete copy of Correctional

officers Delaney, Bakanowski, Brunski Departmental files that will shows all use of force incident that those officers were principal or were witnesses.

10 A complete list of all medical staff who were involved with assistance medical treatment.

11. A full complete copy of the disciplinary report files dated 12-15-02.

12. A full complete process summary report dated 12-15-02.

13. A complete process of an investigation report dated 12-15-02.

14. A complete process of an advocate investigation report dated 12-15-02.

14. Names and title of all D.O.C employee unto held disciplinary hearing for disciplinary given report dated 12-15-02

15. Full and complete copy of D.O.C. directive 2.6 employee discipline.

16. A full and complete of D.O.C. directive 6.6

Reporting of incidents dated 12-15-02.

17. Plaintiff Request a Copy of tours and inspections in the Gym dated 12-12-02 and a Copy of the D.O.C. Directive 6.1 tours and inspections.

18. Plaintiff Request a Copy of facility Post orders and Logs in the Gym dated 12-12-02 and a Copy of the D.O.C. Directive 6.2 facility Post orders and Logs.

19. Plaintiff Request a Copy of the Corrigan Population Counts held in the Gym dated 12-12-02 and a Copy of the D.O.C. Directive 6.3 Population Counts.

20. Plaintiff Request a Copy of the Corrigan facility safety and Emergency Procedures and Copies of D.O.C. Directives 7.1, 7.2, 7.3, 7.4, 7.5, 7.6, 7.7.

THE PLAINTIFF

Bristout Bourguignon

PRO-SE

## CERTIFICATION

I hereby Certify that a Copy of the foregoing
Was mailed to the following on this 24th day
of March 2004:

Robert B. Fiske, III
Assistant ATTORNEY GENERAL
110 SHERMAN Street
Hartford, CT 06105

Plaintiff
By: Bristout Bourguignon
BRISTOUT BOURGUIGNON

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRISTOUT BOURGUIGNON | : | PRISONER |
| | : | CIVIL NO. 3:03CV232(RNC) |
| VS. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | MAY 28, 2004 |

## DEFENDANT'S RESPONSES TO
## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34, Fed.R.Civ.P., the defendants, John Armstrong, George Wezner, William Delany, Daniel Brunski, and William Bakanowski, provide the following responses to the plaintiff's request for production of documents:.

1. Full and complete copy of the D.O.C. directive 2.17 employees conduct.

**RESPONSE:** Objection.  The plaintiff has access to the D.O.C. Administrative Directives at his institution of incarceration.  However, without waiving the objection, the defendants enclose herewith Administrative Directive 2.1, in compliance with the plaintiff's request.

2. Full and complete copy of D.O.C. Directive 6.5 Use of Force.

**RESPONSE:** Objection.  The plaintiff has access to the D.O.C. Administrative Directives at his institution of incarceration.  However, without waiving the objection, the defendants enclose herewith Administrative Directive 6.5, in compliance with the plaintiff's request.

3. All official reports, investigation and witness statement that D.O.C. produce when there is a use of force in regard to incident dated 12-15-02.

**RESPONSE:** Objection. The defendant does not understand to what incident the plaintiff is referring in this production request. However, without waiving the objection, the defendants assume for the purposes of this response that the plaintiff is requesting information with respect to the incident in which he was involved on 12-15-02 in which force was utilized to overcome the combative actions of the plaintiff. Accordingly, without waiving the aforementioned objection, the defendants hereby include the complete investigation report, witness statement(s), disciplinary reports, plaintiff's grievance and all related materials to that incident. The total page count of the documents provided at this time is 38 pages.

4. Copy of the Aurora tape of the gym recording by Corrigan before the incident dated 12-12-02.

**RESPONSE:** Objection. This request for production seeks discovery of a video tape which, if exists, was taken three days prior to the incident alleged in the Complaint. Such a video, if it exists at all, is thus irrelevant to the issues raised in the plaintiff's Complaint and is not reasonably calculated to lead to admissible evidence within the confines of Rule 26 of the Federal Rules of Civil Procedure. In addition, its release, if it exists, could jeopardize the safety and security of the institution and its employees, as the plaintiff clearly is seeking it for purposes unrelated to the allegations in his Complaint, as that incident did not occur for an additional three days.

5. Copy of the Aurora tape of the gym recording by Corrigan after the incident, escort tapes of the incident dated 12-15-02.

2

**RESPONSE:** Objection. As set forth in response to production request number three, the defendant does not know to what incident the plaintiff is referring. However, without waiving this objection, the defendants answer this request upon the presumption that it is the incident involving the plaintiff on that date. As such, the defendants object to the Aurora tape, if it exists, of the gym recording *after* the incident as it is irrelevant to the issues raised in the plaintiff's complaint. However, with respect to the existence of an Aurora tape involving his escort, that tape will be made available for inspection by the plaintiff at a mutually convenient date, provided its release does not endanger the safety or security of the institution or its staff.

6. Copy of the video tape that was recorded by Correctional Officer after incident dated 12-15-02 when plaintiff escorted to medical screening room. To be preserved for pre-trial review and if necessary for trial.

**RESPONSE: Objection.** As set forth in response to production request number three, the defendant does not know to what incident the plaintiff is referring. However, without waiving this objection, the defendants answer this request upon the presumption that it is the incident involving the plaintiff on that date. If an Aurora tape exists involving the escort of the plaintiff to the medical screening room, it will be preserved for the plaintiff's pre-trial review and if necessary, for trial.

7. List of all D.O.C. employees that were involved with incident dated 12-15-02.

**RESPONSE:** Objection. As set forth in response to production request number three, the defendant does not know to what incident the plaintiff is referring. However, without waiving

3

this objection, the defendants answer this request upon the presumption that it is the incident

involving the plaintiff on that date. The names of all D.O.C. employees that were involved with

the plaintiff's incident on 12-15-02 are contained within the materials provided to the plaintiff in

response to production request number three.


9. A full and complete copy of correctional officers Delany, Bakanowski, Brunski,

Department files that will show all use of force incident that those officers were principal or were

witnesses.

**RESPONSE:** Objection. This information is not relevant to the issues in the plaintiff's

Complaint. In addition, this request is not reasonably calculated to lead to the discovery of

admissible evidence.


10. A complete list of all medical staff who were involved with assistance of medical

treatment.

**RESPONSE:** Objection. As set forth in response to production request number three, the

defendant does not know to what incident the plaintiff is referring. However, without waiving

this objection, the defendants answer this request upon the presumption that it is the incident

involving the plaintiff on that date. The names of all medical staff who were involved with

assistance of medical treatment of the plaintiff on 12-15-02 are contained within the materials

provided to the plaintiff in response to production request number three.


11. A full complete copy of the disciplinary report files dated 12-15-02.

**RESPONSE:** Objection. As set forth in response to production request number three, the defendant does not know to what incident the plaintiff is referring. However, without waiving this objection, the defendants answer this request upon the presumption that it is the incident involving the plaintiff on that date. Moreover, though the plaintiff has access to this information himself, the defendants nevertheless direct the plaintiff to the documents provided in response to production request number three.

12. A full complete process summary report dated 12-15-02.

**RESPONSE:** Objection. As set forth in response to production request number three, the defendant does not know to what incident the plaintiff is referring. However, without waiving this objection, the defendants answer this request upon the presumption that it is the incident involving the plaintiff on that date. See the documents provided in response to production request number three.

13. A complete process of an investigation report dated 12-15-02.

**RESPONSE:** Objection. As set forth in response to production request number three, the defendant does not know to what incident the plaintiff is referring. Moreover, the request in incoherent and thus a response cannot even be surmised from this request. However, without waiving these objections, the defendants direct the plaintiff to the materials provided to the plaintiff in response to production request number three with the possibility that the documents he is requesting are contained therein.

5

14. A complete process of an advocate investigation report dated 12-15-02.

**RESPONSE:** Objection. As set forth in response to production request number three, the defendant does not know to what incident the plaintiff is referring. Moreover, the request in incoherent and thus a response cannot even be surmised. However, without waiving these objections, the defendants direct the plaintiff to the materials provided to the plaintiff in response to production request number three with the possibility that the documents he is requesting are contained therein.

15. Full and complete copy of D.O.C. Directive 2.6 employee discipline.

**RESPONSE:** Objection. The plaintiff has equal access to this and all Administrative Directives from within his institution. However, without waiving this objection, it is enclosed.

16. A full and complete [copy] of D.O.C. Directive 6.6 reporting of incidents dated 12-15-02.

**RESPONSE:** Objection. The plaintiff has equal access to this and all Administrative Directives from within his institution. In addition, the defendant does not know to what incidents the plaintiff is referring. However, without waiving this objection, A.D. 6.6 it is enclosed.

17. Plaintiff request a copy of tours and inspections in the gym dated 12-12-02 and copy of D.O.C. Directive 6.1 Tours and Inspections.

**RESPONSE:** Objection. The plaintiff has equal access to this and all Administrative Directives from within his institution. In addition, any information from a date three days prior

6

to the incident alleged in the plaintiff's Complaint is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving part of this objection, A.D. 6.1 it is enclosed.

18.  Plaintiff request a copy of facility post orders and logs in the gym dated 12-12-02 and a copy of D.O.C. Directive 6.2 Facility Post Orders and Logs.

**RESPONSE:**  Objection.  The plaintiff has equal access to this and all Administrative Directives from within his institution.  In addition, any information from a date three days prior to the incident alleged in the plaintiff's Complaint is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  However, without waiving part of this objection, A.D. 6.2 it is enclosed.

19.  Plaintiff request a copy of the Corrigan population counts held in the gym dated 12-12-02 and a copy of D.O.C. Directive 6.3 Population Counts.

**RESPONSE:**  Objection.  The plaintiff has equal access to this and all Administrative Directives from within his institution.  In addition, any information from a date three days prior to the incident alleged in the plaintiff's Complaint is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  However, without waiving part of this objection, A.D. 6.3 it is enclosed.

20.  Plaintiff requesting a copy of the Corrigan Facility safety and emergency procedures and copies of D.O.C. Directives 7.1, 7.2, 7.3, 7.4, 7.5, 7.6, and 7.7.

7

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON          :     PRISONER
                               :     CIVIL NO. 3:03 CV 232 (RNC)
VS                             :
                               :
JOHN ARMSTRONG, ET AL          :     JUNE 21, 2004

## Plaintiff's INTERRogatories

PURSUANT TO Rule 33 F.R.C.P. the Plaintiff BRISTOUT BOURGUIGNON Request that defendant JOHN J. ARMSTRONG, ET al, are directed to answer each of the interrogatories in writing under Oath within thirty (30) days of service.

1. Please state the following:

   a) all Defendants
    full names and any other name(s) which They have been known.

   b) all Defendants work address.

C) all defendants Date of birth.

D) ALL defendants DRIVER'S License Number.

E) All defendants' Home address.

F) ALL defendants social security.

2. what was the date the defendants Placed and house the plaintiff in the Gym floor?

3. How many days did the defendants had the plaintiff housing in the Gym floor?

4. What was the Reason why the defendant Placed and housed the plaintiff in the Gym floor.

5. How many inmates did the defendants Placed and housed in the Gym floor illegally at Corrigan facility during the month of december 2002?

6. Did the plaintiff wrote an inmate grievance and complaining about the over crowded Gym To the Warden Werner and the grievance Coordinator on 12-12-02 Regarding the Condition of the Gym? And what was the Response from warden werner and the grievance Coordinator to the Plaintiff inmate grievance?

7. Please Answer the following:

a) when inmate Andrew, Jay #168014 approached Lt. William Herbert and asked who he would ask about getting a hot pot in the Gym. what was Lt. William Herbert intentions and answers toward inmate

Andrew Jay?

B) Did inmate Andrew Jay State that he had a petition for the unit manager? And what kind of action did Lt William Herbert took against inmate Jay Andrew?

C) When inmate Andrew Jay stated, "its mine and you can not see it and walked away and started crying, yelling, saying that it was illegal to keep inmates in the Gym." what happened to inmate Andrew Jay after he made that statement?

D) What was the Reason for Placing inmate Andrew Jay to the RHU unit? And why?

e) Do you have the inmate Andrew Jay original petition statement dated 12-150 And can you Provide the plaintiff a copy from the original petition statement?

8. Please answer the following:

a) When the Plaintiff approached officer Michaud Paula and demanded to see a Lt. Did he tell her that inmate Jay Andrew has his petition statement?

b) Did the plaintiff told the officer Michaud Paula that the Petition statement that Lt. William Herbert had in his hand was his?

c) Who escorted the plaintiff to the Lt's office? And what was the cause and Reason and why?

d) How many correction officers did it take to physically assault and abuse the plaintiff during incident?

e) What was the Reason for Lt. William Herbert to illegally grabbed the plaintiff Left Arm?

F.) How many times did the Lt William Herbert administered chemical agent (Capstun 2305) on the Plaintiff's face while controlling the Plaintiff left Arm?

G) How many staff was present during the alleges assault? And How many correctional officers did it take to bring the Plaintiff to the RHU unit?

H) When LT. delaney, Lt William Herbent, C/O Bonski, C/O Bakanowski int ucted the Plaintiff to place his hand on the wall, why The defendants had to assault the Plaintiff to make him comply?

I) what was the Reason for the Plaintiff said "fuck that, catch me." and sprinted back into the gym stair-well? Did the defendants tried to hurt the Plaintiff? because he wasn't comply?

9. What was the Cause and Reason to escalat from verbal to physical Contact?

10. What are the ethnic origin of all officers involved?

11. Which officer initiated physical contact with the plaintiff?

12. Have any of the officers on duty during incident been litigate against Reprimande Suspended due to unnecessary force.

13. Have any of the officers on duty during incadent been litigated against Reprimanded or Suspended due to a racist act on any level.

14. Please answer the following:

a) How many officers on site during incident were not involved in either verbal or physical?

b) How many officers on site during incident were involved in verbal communication but not physical contact?

c) Which officers attempted containment during verbal communication?

d) Which officers attempted containment during physical contact?

e) During the physical confrontation, were any tool used, ie, mace, clubs, gun, pepper spray.

F) Was any part of the incident audio taped by any means.

G) Was any part of the incident video taped by any means.

H. Do the defendants have a copy of E,
corridor video tapes, Stain 4 video tapes,
hand held escort video tapes as well as the
Aurora tapes from the incident date 12-15
02?

I. Do you have a copy of the Gym video
tapes recorded from the date the de-
fendants placed and housed the plain-
tiff in the Gym floor?

15, Names all officers that filed incident
Report and attached incident Report to
interrogatories.

16. How many times did the defendants ad-
ministered chemical agent (Capstun 230°
on the plaintiff's face?

17, Why the defendants deployed chemical
agent in the plaintiff eyes while he was
over the Rail?

18. When officer Brunski instructed the plaintiff to place his hand on the wall, why the defendants Lt. Delaney, Lt. William Herbert, Bakanowski, Assaulted the plaintiff by swung at him many times?

19. Did the defendants know that the Constitution Requires Prison and Jail officials to provide Reasonable safety for prisoners and they must Protect them from assault by other inmates and from unreasonably hazardous living and working conditions, and must Refrain from subjecting them to the unnecessary and excessive use of force?

20. Did the defendants know that the courts and the Constitution have condemned over crowding that results in inmate sleeping on floors in corridors, or other spaces not designed for housing?

21. Did a several courts have held that state PRISON officials may be Required to Relieve local Jail clowding that Results from a bacl up of "State Ready" convicted felons?

22. Please answer the following:
a) Why the defendant Lt. William Herbert assaulted the laintiff by knee strikes the Plaintiff's Right thigh while he was handcuff?

b) How many times did the defendant william Herbert knee strikes the plaintiff Right thigh

c) How many times the defendant william Herbert administer chemical agent (CAPSUN 2305) on the Plaintiff's face?

d) As commissioner of the department of corrections, are you responsible for protecting the safety and welfare of all inmates committed to your care and custody?

e). As commissioner of the department of corrections what method do you have to issue general instruction and procedures in writing to the employees of the department of correction.

F) Where in the administrative directive stated that its perfectly legal to placed or house an inmate in the Gym floor.

G) Did the defendants issued and administrative directive that gives the procedure to be followed to placed the plaintiff in the overcrowded Gym?

H) Where in the administrative directive state that its perfectly legal to video tape the plaintiff while his been strip search?

I, IN that administrative directive, what did the defendants specify should be done if the plaintiff Requested to be Remove from over flow Gym because his Safety was in danger and the Gym floor was unReosonably Hazardous living and working Conditions?

J) Did any fights occured in the over crowded Gym while the plaintiff was illegally placed and housed in the over crowded gym?

23, IN that administrative Directive, who did the defendants specify would be Responsibl foR making the final decision as to whether oR Not an inmate would be placed into th oveR Crowded Gym?

24. Can the defendants provided the Plaintif a Copy of the Petition statement dated 12-15-02? Please attached a copy of Petition Statement to interrogatories?

25. Can the defendants allowed the plaintiff to Review all the incident Video tapes including the E/G CORRIDOR Video tapes, Stair 4 video tapes, hand held escort video tapes, aurora tapes from the incident dated 12-15-02 as well as the over crowded Gym Video tapes dated the time the defendants illegally placed and housed the plaintiff in the over crowded Gym? Please give the plaintiff a Reasonable time and date to Review all the video tapes thats Relevant to this case.

THE Plaintiff
Bistent Bourguignon
PRO-Se

EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON        :        PRISONER
                                :        CIVIL NO. 3:03CV232(RNC)
     VS.                      :
                                  :
JOHN ARMSTRONG, ET AL.        :        JUNE 30, 2004

## DEFENDANT'S OBJECTION TO THE PLAINTIFF'S
## REQUESTS FOR INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the defendants respectfully object to the plaintiff's Request for Interrogatories, dated June 21, 2004, on the grounds that the number of interrogatories exceeds the maximum permitted under this Federal Rule.

Indeed. Rule 33(a) of the Federal Rules of Civil Procedure provides that "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, *not exceeding 25 in number including all discrete subparts*, to be answered by the party served . . . .". (Emphasis added). Although the plaintiff's interrogatory requests are numbered only to 24, many interrogatories include lengthy subparts. As a result, the total number of written interrogatories, including all subparts, is 60, which exceeds the maximum permitted under Fed. Rule 33 by 35 interrogatories. In addition, the plaintiff did not receive leave of this Court to exceed 25 interrogatories, nor did the parties agree to exceed that amount by stipulation.

Accordingly, the defendants will answer only the first 25 interrogatories presented in the June 21, 2004 Interrogatory Request, unless the plaintiff withdraws this Interrogatory Request and re-files a new set of interrogatories in accordance with Federal Rule 33, within thirty days.

EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT    OF    CONNECTICUT

BRISTOUT BOURGUIGNON          |          PRISONER

    Vs          |          NO. 3:03 CV 232 (RNC)

JOHN ARMSTRONG, Et AL          |          JUNE 22, 2004

## PlainTiff Request FOR ADMISSIONS

PURSUANT to the federal Rules of civil Procedure, Rule 36, The defendant ARMSTRONG et. al Required to admit or deny the truth of the following statements of opinion of fact or the application of Law to fact. If the defendant ARMSTRONG et. al fails to admit to the truth of these matters, the Plaintiff will apply to the Court for an order Requiring the defendant ARMSTRONG to pay him the Reasonable expenses incurred in making the proof including Reasonable attorney's fees.

    ACCORDINGLY, admit or deny the following:

1. The plaintiff was illegally placed and housing in the over crowded Gym at Corrigan Correctional facility during the month of December 2002.

Case 3:03-cv-00283-SRU Document 21-4 Filed 08/06/2004 Page 29 of 36

2. These block ICC were placed and housing in the over crowded Gym at Corrigan C.I. during the month of December 2002 with more than 150 unsentenced and sentenced inmates sleeping in the Gym floor.

3. The plaintiff wrote an inmate grievance and complaining To the warden Werner and the grievance coordinator on 12-12-02 Regarding the over crowded Gym and the Condition of the gym at Corrigan C.I.

4. Inmate Andrew Jay stated that he had a petition for the unit manager to Lt. William Herbert.

5. Inmate Andrew Jay stated" it's mine and you can not see it and walked away and started crying, yelling, saying that it was illegal to keep inmates in the over crowded Gym at Corrigan.

6. Inmate Andrew Jay's original petition statement was signed and dated 12-15-02.

7. The plaintiff's original petition statement was signed and dated on 12-15-02

8. The plaintiff approached officer Michaud Paula and demanded to see a Lt and asker her if he can have his petition statement back.

9. The Plaintiff Told the officer Michaud Paula that the petition statement that Lt. William Herbert had in his hand was his.

10. Lt. william Herbert administered chemical agent (Capstun 2305) about 10 Times on the plaintiff's face while controlling the plaintiff Left Arm.

11. Lt. Delaney administered chemical agent (Capstun 2 305) about 5 Times on the plaintiff's face while controlling the plaintiff Left Arm.

12. All the officers that physically assaulted the plaintiff during incident were white officers.

13. All the officers that were involved in the incident, deployed chemical agent (Capstun 2 305) on the plaintiff's face.

14. The defendants have copies of the over crowded gym video tapes Recorded from the date the defendants had placed and housed the plaintiff in the gym floor during the month of December 2002.

15. The defendants have copies of E/G corridor video tapes, stair 4 video tapes, hand held escort video tapes Recorded from incident dated 12-15-02.

16. Officer Brunski instructed the plaintiff to place his hand on the wall and the defendant Lt. Delaney, Lt. William Herbert,

at him and kicked, and punched him many time

17. The defendant Lt. William Herbert assaulted the plaintiff by knee strikes the plaintiff's Right thigh while he was handcuffs.

18. The commissioner of the department of corrections are responsible for protecting the safety and welfare of all inmates committed to his care and custody.

19. IN the administrative directive stated that it's perfectly legal to placed and housing an inmate to our over-flow crowded gym.

20. The defendants issued an administrative directive that gives the procedure to be followed to placed the plaintiff in the over-flow crowded gym.

21. In the administrative directive stated that it's perfectly legal to video tape the plaintiff while is been st p search.

22. The defendants did not Remove the plaintiff from the over-flow crowded gym when the plaintiff Requested to be Remove from the over flow crowded gym because the plaintiff claim that his safety and security was in danger and the Gym floor was unReasonably Hazardous living and working condition.

23. The defendants have a copy of the plaintiff's original petition statement dated and signed on 12-15-02.

24. LT william Herbert, Lt Delaney, C/O Bakanowski, C/O Brorski intentionally attacked the plaintiff by knee strikes, punched, kicked and excessively Repper sprays the plaintiff without probable cause.

25. John J. Armstrong Resigned as a Commissioner of Connecticut Corrections because of the sexual harassment controversy.

26. John J. Armstrong as a commissioner of Iraq prison has been under investigation for corruption in iraq prison.

THE Plaintiff
Bristout Bourguignon

The defendants swear under penalty of perjury that the foregoing is true and correct.

NAME_____

sworn to before me this

_____ day of _____ 2004

_____
NOTARY Public

CERTIFICATION

I hereby certify that a copy of the foregoing was sent to the following on this day 22 of JUNE 2004 to;

Robert B. Fiske, III
Assistant Attorney general
110 Sherman street
Hartford, CT 06105

Bristout Bourguignon
BRISTOUT BOURGUIGNON

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON :     PRISONER
                                :     CIVIL NO. 3:03CV232(RNC)

      VS.                          :

                                   :

JOHN ARMSTRONG, ET AL.      :     JULY 1, 2004

## DEFENDANT'S OBJECTION TO THE PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the defendants respectfully object to the plaintiff's Request for Admissions, dated June 22, 2004, on the grounds that the Request for Admissions are not in compliance with Rule 36. The plaintiff's Request for Admissions are not directed at any particular party and therefore are objectionable due to their vagueness. In addition, many of the Requests for Admission are argumentative or contain legal conclusions, which are also not permitted under Rule 36. As a result, the plaintiff should be ordered to withdraw these Admission requests.

Wherefore, the defendants respectfully object to the plaintiff's Request for Admissions and move for this Court to issue an Order for the plaintiff to withdraw such requests as they are in violation for the Federal Rules of Civil Procedure, Rule 36.

DEFENDANTS
JOHN ARMSTRONG, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert B. Fiske, III
Assistant Attorney General
Federal Bar No. ct17831
110 Sherman Street
Hartford, CT  06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
E-Mail:  robert.fiske@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid

to the following on this, the 1rst day of July, 2004, to:

Bristout Bourguignon, # 265860
Osborn C.I.
P.O. Box 100
335 Bilton Road
Somers, CT 06071

_____
Robert B. Fiske, III
Assistant Attorney General

2