UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRISTOUT BOURGUIGNON | : | CIVIL NO. 3:03CV232(RNC) |
| | : | |
| v. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL | : | September 10, 2004 |

**THE DEFENDANTS OBJECTION TO THE
PLAINTIFF'S MOTION TO COMPEL**

The defendants respectfully objects to the plaintiff's Motion to Compel Discovery, dated August 4, 2004. The plaintiff alleges that the defendants have not responded to his Request for Production dated March 24, 2004, his Request for Interrogatories dated June 21, 2004, or his Request for Admissions dated June 22, 2004. Each of these assertions are incorrect. The defendants not only timely filed responses and objections to the plaintiff's discovery requests, but in fact provided more information than they were otherwise required by supplying responses despite having posted a legitimate objection. In addition, the plaintiff's motion for "a close session to review the overcrowded gym videotapes dated December 12, 2002 and December 15, 2002", is not only premature, it is improper in a motion to compel. Accordingly, the plaintiff's motion should be denied in their entirety.

The plaintiff is *pro se*, and has brought this action against former Department of Correction Commissioner John Armstrong and several others. In his Amended Complaint, he alleges that his rights were violated when he was allegedly assaulted by one or more correctional staff while exercising his constitutional rights.

On or about March 28, 2004, the undersigned counsel for the defendants received the plaintiff's Request for Production of Documents dated March 24, 2004.. The Request for Production was responded to in full, despite objections to most of the plaintiff's requests. As the

defendants responses attest, (which the plaintiff included as an attachment to his motion), there is nothing for the Court to compel the defendants to provide.  Indeed, the defendants have fully complied with the plaintiff's requests except in a couple of instances where an objection based upon irrelevancy or the release of the requested information would constitute a danger to the safety and security of the facility.  Although the Federal Rules of Discovery, specifically, Rule 26(b)(1), permit a party to obtain discovery regarding any matter, this is only to the extent the request does not seek to obtain information that is privileged or irrelevant to the claims of the party, such as the plaintiff has done in part by his requests.

The defendants also responded timely, on July 1, 2004, to the plaintiff's Request for Admissions dated June 22, 2004.  The fact that the Admissions were not answered does not merit a motion to compel, since the defendants response timely objected both to the form and substance of the request on the grounds that it was not in accordance with Rule 36 of the Federal Rules of Civil Procedure.

Furthermore, the plaintiff's Request for Interrogatories dated June 21, 2004 was equally improper, as the total number of interrogatory requests exceeded that permitted under the Federal Rules.  Nevertheless, the undersigned counsel for the defendants offered the plaintiff the option to providing, within thirty days, a new set of interrogatories which were in accordance with the Federal Rule requirements.  In the event the thirty day period lapsed without a revision, the undersigned reserved the right to provide the plaintiff with responses to only the first 24 interrogatory questions.  Though the plaintiff's deadline to provide a revised set of interrogatory requests expired on or about July 30, 2004, the defendants have opted maintain their objection to them as improper.  However, given the plaintiff's Motion to Compel, the defendants will at this time, waive their objection to the impropriety of the interrogatory request with respect to the first

24 interrogatories, excepting any pertinent objections thereto and will provide responses within thirty days of the decision on the Court's decision on the motion..

Finally, the defendants filed a Motion to Dismiss prior to any of the plaintiff's requests for discovery, which is still pending, and the outcome of which may, in any event, render the plaintiff's Motion to Compel discovery moot.

## CONCLUSION

For the foregoing reasons the defendants oppose the plaintiff's Motion to Compel as it is without merit. Consequently, it should be dismissed in its entirety.

                                                    THE DEFENDANTS
JOHN ARMSTRONG, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:   /s/
        Robert B. Fiske, III
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Federal Bar #ct 17831
        E-Mail: Robert.Fiske@po.state.ct.us
        Tel: (860) 808-5450
        Fax: (860) 808-5591


## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed to the following on this, the 10th day of September, 2004:

Inmate Bristout Bourguingnon #265860
MacDougall-Walker C.I.
1155 East Street South
Suffield, CT 06080

                                          /s/
                                          Robert B. Fiske, III
                                          Assistant Attorney General