UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 DEC 10 A 9:08
U.S. DISTRICT COURT
HARTFORD, CT.

BRISTOUT BOURGUIGNON

v.

JOHN J. ARMSTRONG, et al.

PRISONER
Case No.  3:03CV232 (RNC) (DFM)

RULING AND ORDER

Pending before the court is the plaintiff's motion to compel and motion to review videotapes. For the reasons set forth below, the motions are denied.

I.   Motion to Compel [doc. # 24]

The plaintiff seeks to compel the defendants to respond to his June 21, 2004 interrogatories, June 22, 2004, requests for admission and his March 24, 2004 request for production. A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Rule 37(a)2 of the Local Civil Rules of the United States District Court for the District of Connecticut. Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff states that the defendants filed objections to his request for production, interrogatories and requests for admission. He does not indicate that he attempted to contact counsel for the defendants in an effort to resolve any problems he has with the defendants' responses to the discovery requests. Thus, he has failed to file a certification that he has made a good faith effort to resolve this discovery dispute without the intervention of the court. Because the plaintiff has not complied with the provisions of Local Rule 37(a)2, the plaintiff's motion to compel is denied without prejudice.

II. <u>Motion to Review Videotapes [doc. # 25]</u>

The plaintiff asks the court to order the defendants to permit him to review the December 12, 2002 videotape of the overcrowded gym and the December 15, 2002 videotape of the alleged use of excessive force in a "close session." Mot. Review at 2. He claims that his case depends on the videotapes and he should be permitted to review them to enable him to effectively try his case. The defendants have moved to dismiss this case and the case is not scheduled for trial. The plaintiff does not allege that he has made any attempt to ask the defendants or counsel for the defendants to allow him to view the videotapes. Accordingly, the plaintiff's request for a court order directing the defendants to produce the videotapes for review is premature. The motion is denied without prejudice.

## Conclusion

The Motion to Compel [**doc. # 24**] and Motion for Review of Videotapes [**doc. # 25**] are **DENIED** without prejudice.

SO ORDERED in Hartford, Connecticut this 9th of December, 2004.

                                          Donna F. Martinez
                                          United States Magistrate Judge