UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON
vs.

2005 MAR 14 P 4:34
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Civil # 3:03CV232(RNC)

JOHN ARMSTRONG, ET.AL

MARCH 7, 2005

MOTION FOR ORDER tHE DEFENDANT
TO COOPERATE IN DISCOVERY

Pursuant to Rule 37(a)(2)(A) of the Federal Rules of civil procedure and Rule 37(a) 2 of Local civil Rules of the united states District Court of Connecticut. The Court Ruling and order on December 10, 2004 Denied the Plaintiff MOTION TO COMPEL [DOC #24] and MOTION TO REVIEW video tapes [doc #25]. THE COURT stated that under both Rules, a motion to compel must include a Certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to Resolve the discovery dispute without the intervention of the Court.
THE PLAINTIFF STATES the following:

1. On December 28, 2004, the Plaintiff submitted a letter of certification to confer with opposing counsel in good faith effort to resolve the discovery dispute without the intervention of the court. (Please see a copy of that letter dated on December 28, 2004, attached as exhibit A)

2. On January 10, 2005, opposing counsel responded to the plaintiff letter stated that the Plaintiff may be disappointed that he cannot obtain the information he requested as drafted, the Rules of discovery and admissibility pursuant to the federal Rules of evidence govern and must be followed and were the ground for the objections to his request. (Please see a copy of Counsel's letter dated January 10, 2005 attached as exhibit B).

3. On February 7, 2005, The Plaintiff submitted to the defendant's counsel a set of 25 questions of interrogatories. On February 23, 2005 defendant's counsel objected on the grounds that the interrogatories are not directed to any particular defen-

dant party, but Rather, John Armstrong, et.al (Please see a copy of the defendants' counsel objection attached as <u>exhibit C</u>).

Wherefore, The defendants failed to cooperate in discovery. Therefore, The plaintiff ask the court to intervene and order the defendants to comply with the plaintiff's Request pursuant Rule 26 and granted the plaintiff both <u>motion to compel (doc. # 24)</u> and <u>motion to Review video tapes (doc. # 25)</u>

<u>THE PLAINTIFF</u>
Bristout Bourguignon

<u>CERTIFICATION</u>

I hereby that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this, the 7 day of March, 2005 TO: Assistant Attorney General Robert B, Fiske, III at 110 Sherman Street, Hartford, CT 06105.

<u>Bristout Bourguignon</u>
BRISTOUT BOURGUIGNON

STATE OF CONNECTICUT
OFFICE OF THE ATTORNEY GENERAL

DECEMBER 28, 2004

TO: ROBERT B. FISKE, III
ASSISTANT ATTORNEY GEN.
110 SHERMAN STREET
HARTFORD, CT 06105

FROM: BRISTOUT BOURGUIGNON
MCDOUGALL C.I.
1153 EAST STREET SOUTH
SUFFIELD, CT 06080

RE: BOURGUIGNON VS. ARMSTRONG, et al NO 3:03CV.232

Dear MR. Robert

I am writting this letter to you in regard of your responses to my request for production of documents dated back of May 28, 2004. It seem to me that you have failed to cooperate with my request for production of documents dated back of March 24, 2004. According to F.R.C.V.P.

34 (a)(B)(c), it's obvious that your Responses to my Request for documents dated back of March 24, 2004, were insufficient. Therefore, I am asking you to be more specific on answering questions number 4, 5, 6, 17, 18, 19, 20, in my Request for documents dated back of March 24, 2004.

Secondly, on June 21, 2004, I submitted to you a set of 25 questions of interrogatories. On June 30, 2004, you responded to my interrogatories by filling objections to my entirely interrogatories questions Requested, According to Rule 33 F.R.C.V.P. Your Responses to my entirely interrogatories questions were insufficient. Therefore, I am only want to confer with opposing counsel in a good faith effort to Resolve the discovery dispute without the intervention of the court. I am asking you to cooperate with my interrogatories under oath.

Thirdly, on June 22, 2004, I served the defendants a Request for admissions. On July 1, 2004 defendants Responded to my Request for admissions by filing objections to my entire Request for ad-

missions. According to F.R.C.V.P. Rule 36, the defendants responses to my request for admissions dated back of June 22, 2004 were vague and insufficient. I only want the defendants to admit or denied the truth to my request of admissions submitted.

Finally, I am asking the defendants, where and when I can review the incident video tapes or where and when the defendants can allow me to review the incident video tapes. The reason why I'm asking defendant to produce those documents so, I can cross-examine the defendants who testify and their witnesses at trial.

Thank you for your full cooperation!

Respectfully Submitted
Bristout Bourguignon
PRO-SE

### CERTIFICATION

I hereby that a copy of foregoing was sent to Assistant Attorney General Robert, B. Fiske, III at 110 Sherman Street Hartford, CT 06105

Bristout Bourguignon
BRISTOUT BOURGUIGNON




RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

January 10, 2005

Mr. Bristout Bourguignon, # 265860
MacDougal C.I.
1153 East Street south
Suffield, CT 06080

**RE: Bourguignon v. Armstrong, Et Al**

Dear Mr. Bourguignon:

I am in receipt of your letter dated December 28, 2004, in which you complain about my alleged non-responsiveness to your interrogatory, production, and admission requests. Please note that each objection was timely and warranted. Although you may be disappointed that you cannot obtain the information you requested as drafted, the rules of discovery and admissibility pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence govern and must be followed and were the grounds for the objections to your requests.

If you are truly interested in making a good faith effort to resolve the issue of my objections as you allege in your letter, then I suggest to you that any future discovery requests be drafted in such a manner to avoid any ground for objection, including, but not limited to those made before.

Very truly yours,

Robert B. Fiske, III
Assistant Attorney General



EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRISTOUT BOURGUIGNON | : | PRISONER |
| | : | CIVIL NO. 3:03CV232(RNC) |
| VS. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | FEBRUARY 23, 2005 |

### DEFENDANT'S OBJECTION TO THE PLAINTIFF'S REQUESTS FOR INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the defendants respectfully object to the plaintiff's Request for Interrogatories, dated February 7, 2005, on the grounds that the interrogatories are not directed to any particular defendant party, but rather, John Armstrong, et al. But, because John Armstrong, et al, is not a public or private corporation, a partnership or association, or governmental agency, the interrogatories cannot be answered by an officer or agent. Consequently, the defendants object to the interrogatories, as they cannot be answered as drafted. F.R.C.P. Rule 33(a).

Accordingly, the defendants respectfully request that Court direct the plaintiff to withdraw his Interrogatory Request and if a new set is served, that it comply with the Federal Rules of Civil Procedure.

DEFENDANTS
JOHN ARMSTRONG, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert B. Fiske, III
Assistant Attorney General
Federal Bar No. ct17831
110 Sherman Street
Hartford, CT 06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
E-Mail: robert.fiske@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this, the 22nd day of February, 2005, to:

Bristout Bourguignon, # 265860
MacDougal C.I.
1153 E. South Street
Suffield, CT 06080

_____
Robert B. Fiske, III
Assistant Attorney General

2