UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 MAR 31 P 6:38
U. DISTRICT COURT
HARTFORD CT

BRISTOUT BOURGUIGNON,

    Plaintiff,

V.

JOHN J. ARMSTRONG, ET AL.,

    Defendants.

PRISONER
CASE NO. 3:03-CV-232 (RNC)

## RULING AND ORDER

Plaintiff brings this action under 42 U.S.C. § 1983 against officials of the Connecticut Department of Correction claiming excessive force and a denial of due process in connection with a disciplinary hearing. Plaintiff has filed a motion for leave to amend (doc. # 21), which has not been objected to, and is therefore granted. Defendants have filed a motion to dismiss addressing the claims in the second amended complaint (doc. # 22). For the reasons that follow, the motion to dismiss is granted in part and denied in part.

### Facts

Taking plaintiff's allegations as true and drawing all inferences in his favor, the facts are as follows. On December 15, 2002, at the Corrigan Correctional Institution, Lieutenant Hebert kicked and punched the plaintiff, sprayed him with pepper spray, called him a nigger and spit on him fifteen times. Lieutenant Delaney and Officers Bakanowski and Brunski tackled

the plaintiff to the ground, kicked him and called him a nigger. Lieutenant Delaney also spit on the plaintiff fifteen times.

The plaintiff was issued a disciplinary report for assaulting a staff member. Disciplinary Hearing Investigator Brito assigned Counselor Southworth to act as plaintiff's advocate. Investigator Brito and Counselor Southworth failed to request videotapes of the incident, refused to call any witnesses to testify at the hearing, and refused to permit plaintiff to present evidence. Plaintiff was found guilty and sent to a program for chronic offenders.

Discussion

Defendants raise eight grounds in support of their motion to dismiss: (1) all claims for damages against them in their official capacities are barred by the Eleventh Amendment; (2) plaintiff failed to exhaust administrative remedies before filing suit; (3) the complaint fails to allege personal involvement of defendants Armstrong and Wezner in the incidents giving rise to this action; (4) the complaint fails to allege a violation of due process; (5) the complaint fails to allege a violation of the First Amendment; (6) the defendants are protected by qualified immunity; (7) the claim for intentional infliction of emotional distress is meritless; and (8) the court should decline to exercise jurisdiction over the state law claims.

Eleventh Amendment

To the extent any of the defendants are sued in their official capacities for money damages, the claims are barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 166-68 (1985). Accordingly, the motion to dismiss is granted as to any such claims.

Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), an inmate must fully exhaust administrative remedies before filing an action against state officials in federal court. Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001).

The record indicates that before plaintiff commenced this action in late January 2003, he exhausted his administrative remedies with regard to the due process claim relating to the disciplinary hearing. See Letter of Warden Wenzel, dated January 3, 2003, affirming hearing officer's decision. However, he did not exhaust his administrative remedies with regard to his excessive force claims.[1] His grievance regarding those claims

---

[1] The administrative remedies provided to inmates by the Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Grievances. Excessive force claim are listed as grievable matters. Thus, plaintiff was required to fully exhaust his administrative remedies with respect to this claim before filing this action.

was denied only after he filed this action, and the denial was not appealed until much later still. Accordingly, the motion to dismiss for failure to fully exhaust administrative remedies is granted as to the excessive force claims against defendants Hebert, Delaney, Brunski and Bakanowski.

Personal Involvement

A state official cannot be held liable for money damages under 42 U.S.C. § 1983 unless he or she was personally involved in the alleged violation of the plaintiff's constitutional rights. See Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002). There are no allegations of any such personal involvement on the part of either Commissioner Armstrong or Warden Wezner with regard to any alleged violation. Accordingly, the motion to dismiss is granted with regard to the claims against them.

Due Process Claim

Defendants contend that plaintiff has failed to state a claim for a violation of his right to procedural due process because they provided him with a disciplinary hearing, he was present at the hearing, and they permitted him to present evidence. However, it is not clear that plaintiff can prove no set of facts consistent with his allegations that would entitle him to relief under Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974). In particular, he may be able to prove that defendants

4

refused to call witnesses or permit him to present evidence when doing so would have posed no security risk. Accordingly, the motion to dismiss the due process claim is denied.

Qualified Immunity

Defendants contend that they are protected by qualified immunity. The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The defendants argue that their actions were reasonable. Accepting plaintiff's allegations as true, however, it is not obvious that a reasonable person in the defendants' position could think that their actions complied with the law set forth in Wolff. Accordingly, the motion to dismiss based on qualified immunity is denied.

First Amendment Claim

The second amended complaint makes no mention of the First Amendment, and there are no allegations to support a First Amendment claim. Accordingly, this aspect of the motion to dismiss is denied as moot.

5

Emotional Distress

Plaintiff's prayer for relief seeks damages for emotional distress arising from the alleged denial of due process. Defendants do not move to strike that request. They contend, however, that plaintiff has failed to state a claim for intentional infliction of emotional distress under state law. It is not clear that plaintiff meant to plead such a claim. It is clear, though, that no such claim is adequately pleaded. The elements of a claim of intentional infliction of emotional distress require a plaintiff to allege (1) that the defendants intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of their conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants' conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Petyan v. Ellis, 200 Conn. 243, 253 (1986). No such allegations appear in the second amended complaint. Accordingly, to the extent plaintiff's pleading can be construed to contain such a claim, the claim is dismissed as insufficiently pleaded.

H.  Supplemental Jurisdiction

Because the federal claims against defendants Armstrong, Wezner and Hebert have been dismissed, the court declines to

6

exercise jurisdiction over any state law claims asserted against them.

IV. Conclusion

Accordingly, plaintiff's motion for leave to amend is granted and defendants' motion to dismiss is granted in part and denied in part. As a result of this ruling and order, the claim that remains in the case is the claim under § 1983 against defendants Brito and Southworth alleging a violation of procedural due process in connection with the disciplinary hearing.

So ordered.

Dated this 31st day of March 2005, at Hartford, Connecticut.

Robert N. Chatigny
United States District Judge