UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
AMENDED
CIVIL RIGHTS COMPLAINT

BRISTOUT BOURGUIGNON
#265860 ,
Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use *et al.*)

v. LT. William HeRBeRT
John J. ARMStrong
George K. Wezner
William Delaney
Daniel Brunski
William Bakanowski
Advocate South worth
Investigator Brito
Defendant(s).
(Full name(s) and capacity, *e.g.*, official capacity, individual capacity,
or official and individual capacitites) (Do not use *et al.*)

United States District Court
District of Connecticut
FILED AT    BRIDGEPORT
March 31    2005
Kevin F. Rowe, Clerk
By: /s/ _____
Deputy Clerk

Case No. 3:03 CV 232 (RNC)
(To be supplied
by the court)

A. PARTIES

1. BRISTOUT BOURGUIGNON is a citizen of Connecticut who
    (Plaintiff)                                                              (State)
presently resides at OSBORN C.I. P.O. BOX 100 Somers, CT 06071 .
                         (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: #265860 .

2. Defendant Advocate South worth is a citizen of Connecticut
         (name of first defendant)                                            (State)
whose address is 986 Norwich-Newlondon Turnpike Uncasville, CT 06382

and who is employed as  **Counselor at CT. Dept. of Correction**
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No. If your answer is "Yes," briefly explain:

This action arise under and brought Pursuant to 42 U.S.C. 1983 to the deprivation under Color of State Law of Rights guarentee by the 8 amendment and 14 amendment to the U.S. Constitution. This Court has Jurisdiction over this action Pursuant to 28 U.S.C. 1331

3. Defendant **Investigator Brito** is a citizen of **Connecticut**
(name of second defendant)                                    (State)

whose address is **986 Norwich-New London Turnpike Uncasville CT. 06382**

and who is employed as **Investigator at CT. Dept. of Correction**
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No. If your answer is "Yes," briefly explain:

This action arise under and brought Pursuant to 42 U.S.C. 1983 to the deprivation under Color of State Law of Rights guarentee by the 8 amendment and 14 amendment to the U.S. Constitution. This Court has Jurisdiction over this action Pursuant to 28 U.S.C 1331

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

### B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

    ✓     42 U.S.C. § 1983 (applies to state prisoners)

    ___   ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

**42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 28 U.S.C. § 1367(a) 28 U.S.C. § 1343 (a)(3) 28 U.S.C § 1331**

## "A. PARTIES"

1. Defendant <u>William Herbert</u> is a citizen of Connecticut

whose address is 986 Norwich-New London Turnpike Uncasville CT. 06382

and who is employed as correction officer at Dept. of Correction

At the time the claim(s) alleged in this complaint arose, was this defendant acting under Color of state Law?   Yes

This action arise under and brought pursuant to 42 U.S.C. 1983 to the depruvation under color state law of rights guarentee by the 8 amendment and 14 amendment to the U.S. constitution. This court has Jorisdiction pursuant to 28 U.S.C. 1331

### C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. The plaintiff states that while in segregation detention at Corrigan facility on 12-15-02, the advocate counselor Southworth and the investigator Brito violated his due process by refused him to review the evidence they had against him. And find him guilty without a due process and send him to chronic dicipline without a hearing.

### D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** Defendants violated my due process and the 14 amendment to the United States Constitutional Law, Excessive force

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.) On 12-15-02, the advocate counselor Southworth who was assigned by D/R investigator Brito for investigation in representation of preparing at the disciplinary hearing. The plaintiff requested to review the evidence they had against him. The advocate counselor Southworth neglected to request video tapes, witnesses, officers statement. The Advocate counselor Southworth gave no show to the disciplinary hearing and that cause him to lost and was ship to chronic dicipline progam without an hearing. Following the inefective assistance

3

## ("D. Cause of Action.")

From advocate counselor Southworth and the D/R investigator Brito whose negligent representation for not gathering evidence or call witnesses or get video tapes indicating them violated the plaintiff due process rights and failed to meet the Connecticut Department of Correction administrative directives 9.5 assistance of an advocate and an investigator. Please see copy of the code of Penal discipline 9.5 page 10 of 15 section 22, 23, 24 and page 11 of 15 section 25, 26, 27 showing both the advocate and the investigator duty. Furthermore, if both the advocate and investigator would of gathering evidence or call witnesses or get the video tapes in representing of preparing for the disciplinary hearing. The dicipline hearing officer wouldn't find the plaintiff guilty of the DR's. Because of the advocate counselor Southworth and the investigator Brito is negligent. The plaintiff went to chronic dicipline and his due process rights was violated by the 8 amendment and 14 amendment to the United States Constitutional Law.

| OSBORN CORRECTIONAL INSTITUTION | EFFECTIVE DATE 9/5/03 | PAGE 10 OF 15 |
|---|---|---|
| TITLE | CODE OF PENAL DISCIPLINE | 9.5 |

Case 3:03-cv-00232-DFM   Document 38   Filed 03/31/2005   Page 6 of 15

18. **Initiation of Disciplinary Report.** A Disciplinary Report Form, CN 9503, (Attachment C) shall be prepared by a staff member, the Reporting Employee, upon detection of an act which gives cause for formal disciplinary action. A separate Disciplinary Report shall be prepared for each offense charged. Only the most serious possible charge relating to an offense shall be charged to a single act. When additional charges are justified as a result of sequential behaviors during an incident charges may be filed separately.

   A. **Facility Procedure.** The Disciplinary Report shall be delivered to a Custody Supervisor or Unit Manager. Provision shall be made to provide the Reporting Employee, upon request, with a copy of page one of the Disciplinary Report before the end of the shift.

   B. **Community Release Procedure.** The Disciplinary Report shall be referred to the appropriate Unit Administrator or managerial designee.

19. **Custody Supervisor/Unit Manager.** A Custody Supervisor or Unit Manager shall be responsible to:

   A. Manage disciplinary functions during the shift.
   B. Review the Disciplinary Report to ensure that it is complete and that, on its face, the evidence supports the charge.
   C. Sign the report.
   D. Initiate delivery of the Report to the accused and forward the original copy to the Disciplinary Investigator.

20. **Administrative Detention.** The Shift Commander may remove an inmate from population, in accordance with Administrative Directive 9.4, Restrictive Status, pending a disciplinary disposition ~~only~~ when justified for reasons of security or order. If an inmate is removed from population, the Unit Administrator shall review the case within 72 hours of placement in Administrative Detention to determine whether continued confinement in the status is necessary. The date and time of placement in Administrative Detention shall be recorded on the Disciplinary Report. If punitive segregation is subsequently imposed any time spent in Administrative Detention shall be credited toward the sentence on a day-for-day basis.

21. **Notice of Disciplinary Proceedings.** A complete and legible copy of the Disciplinary Report shall be delivered to the inmate within 24 hours of the discovery of the inmate's alleged misconduct.

22. **Disciplinary Investigator.** Upon receipt of a disciplinary report, the Investigator shall assign a report number in accordance with Section 39 of the Code. An Investigator shall conduct investigations into the allegations of misconduct of each Disciplinary Report that goes to hearing and shall have authority to dispose a Disciplinary Report prior to the hearing pursuant to Section 23 of the Code. Investigators shall be appointed by the Unit Administrator and must be certified by the Center for Training and Staff Development prior to assuming their duties.

23. **Disciplinary Investigator Disposition.** The Investigator shall interview the accused inmate. If the inmate chooses to plead guilty prior to a Disciplinary Hearing, the Investigator may accept the plea and dispose the Disciplinary Report unless the inmate has been charged with Assault on a Department of Correction Employee, Creating a Disturbance, Escape, Felonious Misconduct, Hostage Holding of a Department of Correction Employee or Riot, or Security Risk Group Safety Threat. If the Investigator elects to dispose the Disciplinary Report, the Investigator shall impose sanctions consistent with Section 10 of this Code up to half the maximum allowed under Sections 10(B) and 10(C). If the Investigator disposes the Disciplinary Report, no appeal shall be permitted. Before accepting a guilty plea, the Investigator shall ensure that the inmate understands that a guilty plea precludes an appeal. The inmate must sign the statement on the Disciplinary Report that a guilty plea is made

complies with the policies and procedures of the Code. The Disciplinary Coordinator shall be responsible for the processing and distribution of all records and reports under this Code unless responsibility is expressly delegated to another.

In addition to the administrative duties, the Disciplinary Coordinator shall have authority to: (1) substitute a charge on a Disciplinary Report in accordance with the provisions of Section 32 of the Code; (2) defer prosecution of a Disciplinary Report in accordance with the provisions of Section 33 of the Code; and (3) dismiss a Disciplinary Report, prior to hearing, that does not serve the disciplinary interests of the facility. If a Disciplinary Report is deferred, dismissed or the charge substituted under this Section, the Disciplinary Coordinator shall send a copy of the Report and a memorandum of explanation to the Reporting Employee and the Facility Administrator, which the Facility Administrator shall retain on file a minimum of six (6) months. A back up Disciplinary Coordinator shall be appointed by each Unit Administrator to act in the absence of the Disciplinary Coordinator. Each Community Services Unit Administrator shall also appoint a Disciplinary Coordinator in accordance with this Section.

17. **Informal Disposition.** Violations of rules and regulations may be disposed through Informal Disposition when Informal Disposition is deemed sufficient to regulate an inmate's behavior.

    A. **Initiation.** Informal Disposition may be initiated (1) by the Reporting Employee or (2) by a Shift Commander or Unit Manager as an alternative to a Disciplinary Report.

        1. When initiated by the Reporting Employee the Informal Disposition Report Form, CN 9502, (Attachment B) shall be completed, including the recommended penalty(s), and shall be appropriately signed. The completed form shall be received by the Shift Commander or Unit Manager not later than eight (8) hours from the alleged misconduct.

        2. When a Shift Commander or Unit Manager initiates Informal Disposition based on a disciplinary report, they shall prepare form CN 9502 and inform the Reporting Employee of the action.

    B. **Review.** Not later than 24 hours of receipt of an Informal Disposition initiated by the reporting staff member, the Shift Commander or Unit Manager shall: (1) deny use of Informal Disposition; (2) approve Informal Disposition and the recommended penalty(s); or (3) approve Informal Disposition and impose an alternative penalty(s). The reporting employee may confine an inmate to quarters pending review of the informal disposition. In such case an incident report shall be completed, an entry made in the Station Log, and the Shift Commander or Unit Manager notified immediately. The Shift Commander, Unit Manager or higher authority may intervene in this placement.

    C. **Disposition.** Penalties shall consistent with Section 8 10(D) of the Code with the exception of restitution, which shall not be authorized under Informal Disposition. No more than three (3) penalties may be imposed and the duration of any penalty imposed shall not exceed one (1) week.

    D. **Notification.** Upon completion of review by the Shift Commander or Unit Manager, the inmate and the Reporting Employee shall be notified of the Informal Disposition. Notification to the inmate shall include a space for the inmate to sign acknowledging of the disposition.

    E. **Refusal.** If the acknowledgment of Informal Disposition is not signed it shall constitute a refusal and a Disciplinary Report shall be initiated.

    F. **Records and Reporting.** No record of an Informal Disposition shall be kept in an inmate's Master File or automated file. A record of all Informal Dispositions shall be maintained at the unit to allow for record keeping and reporting under Section 41.

voluntarily and with the knowledge that no appeal is permitted. A Disciplinary Process Summary, CN 9504, (Attachment D) shall be prepared by the Investigator when an inmate pleads guilty pursuant to this section. Investigator dispositions shall be consistent with the Unit's disciplinary policy and interests.

24. <u>Pre-hearing Investigation</u>. If the Investigator does not dispose the Disciplinary Report, the Investigator shall inform the inmate about the process of investigation and hearing and ensure the inmate receives a copy of the Disciplinary Report at least 24 hours prior to any Disciplinary Hearing. The Investigator shall determine if the accused inmate desires an Advocate and shall inform the inmate of the available Advocates. The Investigator shall indicate the inmate's decision on the Disciplinary Investigator Report, CN 9505 (Attachment E), and if an Advocate is selected, shall promptly notify the Advocate. The Disciplinary Investigator shall determine if the accused inmate desires a witness(es) and shall list the name and number of each appropriate inmate witness and the name and position of any staff witness. If an inmate declines an Advocate or identifies no witnesses, the decision(s) shall be recorded on the Disciplinary Investigator Report, which must be signed by the inmate. Any failure to obtain signatures shall be for good cause as determined by the Hearing Officer and documented on the Disciplinary Process Summary. The Investigator shall conduct an investigation into the circumstances of each Disciplinary Report that goes to hearing and gather all information deemed relevant to the Disciplinary Report. The investigation shall be initiated within the next business day following the time the Disciplinary Report is issued. The Investigator shall report the results of the investigation on the Disciplinary Investigation Report. The Investigator shall prepare a hearing docket and ensure that a Report is brought to hearing in accordance with the time frames established in Section 31(A) of the Code and shall ensure that the inmate, any witnesses, the Advocate and evidence along with appropriate forms are available at the scheduled hearing.

25. <u>Advocate</u>. An Advocate shall meet with the inmate at least 24 hours prior to the hearing, conduct a thorough investigation independently of the Investigator, and make a report of the investigation using the Advocate Investigation Report CN 9509 (Attachment J). The Advocate shall assist the inmate in preparing a defense, and appear at and assist in making a presentation at a formal disciplinary hearing. If the advocate selected cannot appear at the hearing, another Advocate may be appointed to assist the inmate. The accused inmate may, in writing, withdraw a request for an Advocate at the time of the hearing.

Each Unit Administrator shall appoint a minimum of three (3) staff members, including both custodial and treatment personnel, to serve as Advocates. The names of the Advocates shall be made known to all staff and inmates through appropriate notice.

26. <u>Defense Preparation</u>. An accused inmate shall be allowed a minimum of 24 hours, from notice to hearing, to prepare a defense.

    A. <u>Waiver</u>. An inmate may waive the 24 hour period by executing a written waiver.

    B. <u>Exception</u>. When an inmate's release is imminent or a transfer is necessitated, an expedited disposition may be conducted in accordance with Section 29 of the Code which may cause the 24 hour period to be constricted.

27. <u>Witnesses</u>. An accused inmate shall have an opportunity to present witness testimony at a disciplinary hearing. Witness testimony must be truthful, relevant, freely given and not redundant. To appear at a disciplinary hearing, an individual must be present at the unit and pose no threat to an orderly

Case 3:03-cv-00232-DFM    Document 32    Filed 03/31/2005    Page 9 of 15

| OSBORN CORRECTIONAL INSTITUTION | EFFECTIVE DATE: 9/5/03 | PAGE 12 OF 15 |
|---|---|---|
| TITLE | | |
| CODE OF PENAL DISCIPLINE | | 9.5 |

disciplinary hearing or to personal safety. If an otherwise qualified witness is unable to appear, written testimony may be submitted.

    A.   <u>Identification</u>. The Investigator shall ascertain whether the inmate wants to call witnesses. If so, the Investigator shall record the names on the Disciplinary Investigation Report. The inmate's failure to identify witnesses to the Investigator shall make any subsequent request for a witness subject to the Hearing Officer's discretion.

    B.   <u>Testimony</u>. The Investigator shall interview prospective witnesses; list the witnesses and the nature of the testimony on the Disciplinary Investigation Report; and schedule the admissible witnesses for the disciplinary hearing. No inmate witness shall be compelled to testify. The inmate shall be responsible for providing written testimony for any community witnesses.

    C.   <u>Staff Witness</u>. A staff member, called upon for testimony, shall submit such testimony in writing or in person at the discretion of Hearing Officer.

28.   <u>Hearing Officer</u>. A Hearing Officer shall preside over any formal disciplinary hearing, serve as the trier of fact, and adjudicate any referred Disciplinary Report. Hearing Officers and acting Hearing Officers shall be certified by the Center for Training and Staff Development prior to assuming duty. The Hearing Officer shall have authority to include any person as a witness, may limit the testimony of any witness which is redundant or irrelevant and may order the presentation of any documents or evidence necessary for the conduct of a disciplinary hearing. The Hearing Officer may exclude or eject from the disciplinary hearing any person whose behavior poses a threat to an orderly hearing or jeopardizes the safety of any person. The Hearing Officer shall determine the hearing requirements to ensure a professional proceeding.

29.   <u>Expedited Disposition</u>. The disciplinary process may be expedited when an accused inmate's release is imminent or when circumstances require that the inmate be urgently transferred and it is impracticable to conduct a hearing at the receiving facility. In such case, an inmate must receive the Disciplinary Report, must be afforded a chance to prepare a defense including nominating witnesses, must receive the services of an Advocate if desired, and any hearing must be in accordance with Section 31 of the Code.

30.   <u>Transferred Inmate's Disciplinary Process</u>. If an inmate is transferred prior to disposition of a Disciplinary Report, the Report shall be disposed at the receiving unit. The Disciplinary Coordinators of the sending and receiving unit shall coordinate the process. The receiving unit shall pick up the process at the point where the sending unit left off and assume all duties for disposing the Report except the investigation. A copy of the Disciplinary Report shall be delivered to the inmate at the time of transfer if it has been reviewed in accordance with Section 19 and the Report shall be sent with the inmate. If the Report is not sent with the inmate, the sending unit shall be responsible for notifying the receiving unit by telecommunications that a Report is pending and for expeditiously forwarding the Report. The sending unit shall conduct an investigation, shall inform the receiving unit of the results of its investigation and of what procedural steps have been taken and shall respond to all inquires from the receiving unit or the Hearing Officer. The inmate may select an Advocate at the receiving unit and the receiving unit may request an investigation by an Advocate of the sending unit.

Interviews may be conducted by telephone including the taking of testimony for the disciplinary hearing.

31.   <u>Hearing</u>.
    A.   <u>Time Frames</u>. A disciplinary hearing shall be convened as soon as possible but not later than seven (7) business days of the date of the

## "D. Cause of Action."

On 12-15-02 the Plaintiff was allegedly, intentionally, physically, illegally assaulted by Lt William Herbert who kicked, punched, pepper spray the Plaintiff without reasons. Lt. William Herbert at the time had 10 whites correction officers with him and without reason an explaination strike the Plaintiff by knee strikes the Plaintiff's right thigh 15 times and excessively administered chemical agent (Capstun 2305). Lt William Herbert and Lt William Delaney and c/o Bakanowski, Daniel Brunski, attacked the Plaintiff and takles him down to the ground and started kicking hell out the Plaintiff and kept calling him a nigga. Lt. William Herbert strikes the Plaintiff again and call him a niggas. While the Plaintiff was on the floor Lt. William Herbert and Lt. William Delaney spitted on the Plaintiff about 15 times. Lt. William Herbert's action was intentional and evil.

**Claim II:** _____

_____ NONE _____

_____

Supporting Facts:

**Claim III:** _____

_____ NONE _____

_____

Supporting Facts:

4

Continue:

## G. Request For Relief

I Request the following Relief:

Wherefore, Plaintiff Request A. issue a declaratory Judgment stating that:

1. The Physical abuse of the plaintiff by the defendant Lt. William Herbert violated the Plaintiff's Right under the 8 Amendment and 14 amendment to U.S. Constitution and Constituted an assault under State Law.

B. Award Compensatory damages: 1. $350,000.00, against Lt. William Herbert for the Physical and emotional injuries sustained as a Result of the Plaintiff's beating.

C. Award Punitive damages: 1. $75,000.00, against Lt. William Herbert.

The Plaintiff
Bristout Bourguignon

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
\_\_\_\_Yes  √ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a. Parties to previous lawsuit:

Plaintiff(s):_____ None _____

Defendant(s):_____

   b. Name and location of court and docket number_____

   c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)

_____

   d. Issues raised: _____

_____

   e. Approximate date of filing lawsuit:_____

   f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.    \_\_\_\_Yes  √ No.

If your answer is "Yes," briefly describe how relief was sought and the results.

3. I have exhausted available administrative remedies. ✓ Yes ___ No.
   If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
   If your answer is "No," briefly explain why administrative remedies were not exhausted.

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
   If you are not incarcerated, go to section G.

   a. Parties to previous lawsuit:

   Plaintiff(s): _____ None _____

   Defendant(s): _____

   b. Name and location of court and docket number _____

   c. Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

   d. Approximate date of filing lawsuit: _____

   e. Approximate date of disposition: _____

2. Are you in imminent danger of serious physical injury? ✓ Yes ___ No.
   If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

## G. REQUEST FOR RELIEF

I request the following relief: Wherefore plaintiff Request

**A.** Issue a declaratory judgment stating that:
1. The violation of his due process by the defendants Southworth and investigator Brito under the 8 Amendment and 14 Amendment to U.S. Constitution.

**B —.** Award compensatory damages. $75,000.00 Jointly and severally against defendants advocate Southworth and investigator Brito for the physical, emotional injuries sustained as a result of the plaintiff violation of due process.

**C.** Award punitive damages. 50,000.00 each against all defendants Southworth and Brito.

## H. JURY DEMAND

Do you wish to have a jury trial? Yes ✓   No ____

_____
Original signature of attorney (if any)

_Bistrut Bourguignon_
**Plaintiff's Original Signature**

_____
_____
_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  __OSBORN__  on  __6-9-04__
(location)                    (date)

_Bistrut Bourguignon_
**Plaintiff's Original Signature**

7