UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRISTOUT BOURGUIGNON | : | PRISONER |
| *Plaintiff* | : | NO. 3:03CV232(RNC) |
| | : | |
| v. | : | |
| | : | |
| JOHN J. ARMSTRONG, ET AL | : | |
| *Defendants* | : | MAY 5, 2005 |

## DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION TO REARGUE THE COURT'S RULING AND ORDER

The defendants respectfully urge the Court to deny the plaintiff's Motion to Reargue the Court Ruling and Order, which seeks to reverse this Court's partial granting of the defendant's motion to dismiss. The aspects of this Court's ruling which dismissed some of the plaintiff's claims were correct; the constitutional rights of the plaintiff were not violated and he is not entitled to relief.

The instant Motion to Reargue, though not articulated as such by the plaintiff, is in actuality a motion to set aside a judgment or order, which is based in Rule 60 of the Federal Rules of Civil Procedure. However, Rule 60 has very specific criteria which a party must satisfy in order to move to set aside a judgment or order, which has not been met by the plaintiff in this case. Not only has the plaintiff failed to cite the particular section of Rule 60 upon which he

relies for relief, but he has not stated the reason that relief is due, other than reciting the allegations of his complaint. In addition, his reliance on claims made in his original complaint is misplaced, as those allegations became moot with the filing of a subsequent complaint. But in any event, the Court already considered the claims in his then pending complaint, deeming most inadequate. Finally, his arguments for rearguement are not a sufficient grounds for reversal, as the plaintiff must claim: (1) mistake, inadvertence, surprise, or excusable neglect, or (2) newly discovered evidence, or (3) fraud, misrepresentation or other misconduct, or one or more of the specific additional grounds set forth in Rule 60. F.R.C.P. Rule 60(b). But because the plaintiff did not do so, there is no legal basis upon which to grant the plaintiff's motion to reargue or to set aside the court's decision.

In addition, alternatively, the plaintiff's motion also fails to meet the legal criteria for a motion for reconsideration. A motion for reconsideration must direct the Court to a controlling decision or fact that the Court overlooked which might reasonably alter the conclusion reached by the Court. *Shrader v. CSX Transport*, 70 F.3d 255, 257 (2d Cir. 1995). But, where it is clear, such as in the instant case, where a plaintiff is merely dissatisfied with the outcome and wants another bite of the apple, it is not a sufficient grounds for reconsideration. *Gloria Weinstock v. Officer Timothy Wilk*, 2004 U.S. Dist. LEXIS 2844, Civil No. 3:02cv1326 (PCD) (D. Conn. 2004); *Sequa Corp. v. GBJ Corp*. 156 F.3d 136, 144 (2d Cir. 1998).

The portions of this Court's ruling which granted the defendant's Motion to Dismiss were absolutely proper and in accordance with the law. As the law set forth in the defendant's memorandum of law and the Court's opinion demonstrated, the facts alleged in the plaintiff's complaint were insufficient to state a claim upon which relief could be granted. Moreover, the

Court fully explained the legal basis for its rulings and rendered a fully reasoned decision supported by relevant, binding case law.

The Federal Rules of Civil Procedure 59(e) and Local Rule 9(e) for the United States District Court for the District of Connecticut provide a strict standard for the granting of both a motion for relief from order and a motion for reconsideration.  The purpose of a motion for relief from order is to correct harmless error, deliberate misconduct of an adverse party, or permit the review of newly discovered evidence.  F.R.C.P. Rule 60.  None of this criteria is satisfied by the plaintiff's motion or exhibits.  Similarly, a motion for reconsideration permits the correction of genuine errors of law or fact, or to present newly discovered evidence not known at the time of the filing of the original action.  A motion for reconsideration however, is not a vehicle by which a party, dissatisfied with a court's ruling, may obtain a "second bite of the apple".  *Gloria Weinstock v. Officer Timothy Wilk*, 2004 U.S. Dist. LEXIS 2844, Civil No. 3:02cv1326 (PCD) (D. Conn. 2004); *Sequa Corp. v. GBJ Corp*. 156 F.3d 136, 144 (2d Cir. 1998).  Nor is it an opportunity to relitigate old issues, present the case under new theories, or to obtain a rehearing on the merits. *Id.*  A party moving for reconsideration "must demonstrate that newly discovered facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the moving party which, if left unaddressed, would result in clear error or cause manifest injustice. *Metropolitan Entertainment Co. v. Koplik*, 25 F. Supp. 2d 367, 368 (D. Conn. 1998).(*citing Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992); *General Instrument Corp., v. Nu-Tek Electronics*, 3 F.Supp. 2d 602, 606 (E.D. Pa. 1998) *aff'd* 197 F.3d 83 (3d Cir. 1999); Local Rule 9(e).  The Local Rule also requires the motion to "be accompanied

by a memorandum setting forth concisely the matters or controlling decisions which plaintiff believes the Court overlooked in the initial decision or order." Rule 9(e).

      The plaintiff's motion satisfies none of this criteria, for either a motion for relief from order or for reconsideration. Indeed, the plaintiff has not cited any *newly* discovered evidence, or case law, of which he was not aware at the time he filed his complaint, which if considered would alter the decision of the Court. Nor did he allege mistake, or fraud. The fact that the plaintiff is dissatisfied with the Court's ruling and is attempting, through his motion, to now supplement his complaint with additional facts, or to provide additional written argument, are not legitimate grounds to restore the dismissed claims to his complaint. *Burger King Corp. v. New England Hood and Duct Cleaning*, 2000 U.S. Dist. LEXIS 1022, No. 98-3610, 2000 WL 133756 at *2 (E.D. Pa. Feb. 4, 2000). Consequently, his motion should be denied.

      Accordingly, because the plaintiff has not satisfied the legal criteria for a motion for relief from order, or a motion for reconsideration, his motion should be denied and the ruling affirmed in full.

DEFENDANTS
JOHN J. ARMSTRONG, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: __/s/_____
Robert B. Fiske, III
Assistant Attorney General
Federal Bar No. ct 17831
110 Sherman Street
Hartford, CT  06105
Tel: (860) 808-5450
Fax: (860) 808-5591
E-mail: robert.fiske@po.state.ct.us


## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this, the 5th day of May, 2005, first class postage prepaid to:

Mr. Bristout Bourguignon, #265860
MacDougal Correctional Institution
1153 East South Street
Suffield, CT 06080

__/s/_____
Robert B. Fiske, III
Assistant Attorney General