UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JUN -3 A 11: 38
U.S. DISTRICT COURT

BRISTOUT BOURGUIGNON

PRISONER
CASE # 3:03-CV-232(RNC)

V.

JOHN J. ARMSTRONG

APRIL 18, 2005

MOTION TO RE-ARGUE THE COURT RULING AND ORDER

Plaintiff brings this action under 42 U.S.C § 1983 against officials of the Connecticut Department of Correction claiming excessive force, discrimination, mental distress, negligent, assault and batteries under state Law, intentional misconduct and violation of the fourth, Eight and fourteenth Amendments to the United States Constitutional Law.

On March 31, 2005, the Court stated in its own ruling and order that the Plaintiff only claiming excessive force and the denial of due process in connection with a disciplinary

hearing. The court only granted the Plaintiff the motion for leave to amend (doc #21). According to Rule 15(c)(1)(2) Relation back of amendments The court failed to recognize and disregard the Plaintiff's claim in his original complaint as well as his second Amended complaint (doc. #22). The court in its Ruling and Order granted the defendant motion to dismiss in part and denied in part.

The Plaintiff states the following facts:

1. On 12-12-02, the Plaintiff wrote an inmate grievance form as to exhaust administrative Remedy concerning about the over crowded gym. The defendants intentionally, deliberately, and illegally placed and housed the Plaintiff in the gym overflow. The Plaintiff was sleeping inside the Gym floor with 200 inmates. The Plaintiff claim that his eight amendment was violated which forbids cruel and unusual punishment govern the living condition of convicted prisoners. See, eg. Hall Vs Dalton, 34 F.3d 648, 650 (8th Cir. 1994) crowding for less than a week at least than 33 square

feet per person was unconstitutional. (A copy of the Plaintiff inmate grievance as to exhaust administrative Remedy dated 12-12-02 as exhibit A).

2. On 12-20-02, the Plaintiff wrote an inmate grievance as to exhaust administrative Remedy. The Plaintiff was complaining about the living condition at the Gym in Corrigan facility and excessive force by the staff against the Plaintiff. On 12-15-02 Lieutenant Herbert kicked and punched the Plaintiff, sprayed him with pepper spray, call him a nigger and spit on him many times. Lieutenant Delaney and officers Bakanowski and Brunski talked the Plaintiff to the ground, kicked and called him a nigger as well. Lieutenant Delaney spit on the Plaintiff face too. Lewis vs. Dawns, 774 F. 2d 711, 714 (6th Cir. 1985) evidence that show an officer kicked a handcuffed person who was lying on the ground showed malicious motivation). (A copy of inmate grievance as to exhaust administrative Remedy on the excessive force and the living condition as exhibit B).

3. On 12-22-02, Plaintiff wrote Warden Wezner an inmate Request form as to exhausted administrative Remedy on staff misconduct and excessive force, Murray vs. Koetler, 734 F. Supp. 605, 607 (S.D.NY 1990) warden could be held liable based on officers history of Retaliatory beating. Farmer v. Brennan _ US. _ 114 S. CT. 1970, 1978-84 (1994) Accord, Goka vs. Bobbit, 862 F. 2d. 646, 651 (7th Cir. 1988) ("the constitution is violated" where defendants know of the danger or where the threat of violence is so substantial or pervasive that their knowledge could be inferred, and yet defendants fail to enforce a policy or take other Reasonable steps which may have prevented the harm") (A copy of the plaintiff inmate Request form to the warden attached as exhibit c)

4. Warden Wezner Responded to the Plaintiff Request on 12-24-2002, stated that he instructed medical staff to assess the plaintiff's condition and also mention as for his staff misconduct he

will have the issue under Review. Its pretty obvious that warden Wezner did not look into the matter and he did not want the Plaintiff to talked about the overcrowded gym and he conspire his officers to retaliate against the Plaintiff because the Plaintiff was complaining about the Gym Conditions. HAYNES vs. MARSHALL, 704 F. Supp. 788, 793-94 (S.D. Ohio 1988). Warden could be liable and Responsible for giving guards unsupervised authority to use force to enforce Rules and punish prisoners. (See a copy of the plaintiff Request form as to exhaust administrative Remedy on the excessive force by his staff as exhibit C ).

5. Plaintiff wrote to commissioner John J. Armstrong on 1-15-03 complaining about the condition of over crowded Gym and the excessive force by his staff against the Plaintiff. (See the Plaintiff's letter to the commissioner as to exhaust administrative Remedy attached as exhibit D .)

6. On February 25, 2003, Commissioner John J. Armstrong responded to the Plaintiff's letter by saying there is no evidence to support the Plaintiff assertion that correctional staff acted in a unproffessional manner while performing their duties on December 15, 2002. Miller v. Stanmore, 636 F.2d 986, 991 n. (5th Cir. 1981) (since prisoners alleged that the administrative procedures denied due process, they could not be require to exhaust them) Lyons v. U.S Marshals 840 F.2d at 205-06 (evidence of deficiencies in administrative procedure supported prisoner's claim that Remedies were inadequate). Young vs Quinlan, 960 F.2d 351, 363 (3d Cir. 1992) ("Prison officials should, at a minimum, investigate each allegation of violence or threat of violence)" Hendricks vs. Coughlin 942 F.2d 109, 111-12 (2d Cir. 1991). See the commissioner's letter attached as exhibit E).

7. Plaintiff mentioned the excessive force and the physical abused to the Warden Wezner on his Disciplinary hearing appeal dated December 15, 2002, that Lieutenant William Herbert,

Lt. William Delaney and staff accused him of writting a Petition letter about the gym condition. The person who wrote the petition letter was inmate Jay Andrew who was complaining about the over crowded Gym at Corrigan. Because of that petition letter. Lt Herbert and Lt Delaney and staff Retaliate against the Plaintiff by physically assaulted and abused and subdued the plaintiff by applied unnecessary force to restrain the Plaintiff. They admitted that they kicked, punch, pepper spray the Plaintiff of his Resistance. (A copy of that Disciplinary Hearing appeal dated on 12-21-02 and Jay Andrew disciplinary D.R. dated on 12-15-02 as exhibit F)

8. Warden Wezner responded to the plaintiff's appeal in refusing to overturn the plaintiff's disciplinary conviction, despite his knowledge of the above describe excessive force due process violations constituted deliberate indifference and further denied the plaintiff due process of law in violation of eight amendment to the United States Constitution. Basically Warden Wezner was aware of the excessive

force by his staff against the Plaintiff, but disregard such violation, instead he sent the Plaintiff to chronic discipline without a due process which violated the Plaintiff due process of law and make it extremely difficult for the Plaintiff to exhaust all his administrative Remedy. A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct. William v. Smith, 781 F. 2d 319, 323-24 (2d Cir. 1986) in particular, Wardens and other high level official who are designated to decide disciplinary appeals have the duty to conduct at least a "minimal investigation" when confronted with evidence of due process violations, and may be held liable for failing to perform this duty. (See a copy of the Warden's letter of respond to the Plaintiff appeal and a letter of recommendation for release the Plaintiff from chronic attach as exhibit G).

ARGUMENT

9. The defendants raise eight grounds

In support of their motion to dismiss, on March 31, 2005, the Court Ruling and Order granted the defendant motion to dismiss in part and denied in part.

The Plaintiff pleading that as for the defendants eleventh amendment concern does not forbid suing state official in their individual capacities, local government and their agencies are not protected by the eleventh amendment, Farid vs Smith 850 F.2d 917, 921 (2d Cir. 1988).

10. The Court Ruling and Order stated that the Plaintiff did not exhaust his administrative remedies which to his excessive force claims. Plaintiff pleading to the Court, according to the evidence presented in this motion and the plaintiff second amended complaint (doc. # 22) and full proof of exhibit attached with this motion, the plaintiff did in fact exhausted all his administrative remedy under the prison litigation Reform Act 42 U.S.C § 1997(a).

# PERSONAL INVOLVEMENT

11. Commissioner John J. Armstrong and Warden Wezner, despite of their knowledge of the above describe due process violations, excessive force, cruel unusual punishment, constituted deliberate indifference and further denied the plaintiff the due process of law in violation of the fourteenth amendment to the United States Constitution. The plaintiff notified both the commissioner and warden Wezner about the condition of the over-crowded gym and the excessive force against him. Both were well aware of such violation but failed to perform their duty. A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct it. <u>William vs Smith</u>, 781 F. 2d 319, 323-24 (2d Cir. 1986) <u>Gabai</u> vs <u>Jacoby</u>, 800 F. Supp. 1149, 1156 (S.D.N.Y 1992) <u>Feagin</u> v <u>Broglin</u>, 693, F. Supp. 736, 740 (N.D. Ind. 1988) <u>Pino</u> vs Dalsheim, 605 F. Supp. 1305, 1319 (S.D.N.Y 1985).

this is a case where the warden "personally had a job to do and he did not do it", and his failure to do his job was "so likely to result in the violation of the inmates constitutional right" as to establish deliberate indifference on their part. Hill vs Marshal, 962 F.2d 1209, 1213-14 (6th Cir. 1992). Aswegan v Bruhl, 965 F.2d 676, 677 (8th Cir. 1990).

## Emotional Distress

12. The Plaintiff is suffering from extreme mental stress and pain that are dramatically affecting his ability to assume responsible decision making as well as contributory to the fact that the Plaintiff is also taking a substantial amount of psyco-analytic medication daily as well as a couple of prescribed pain medication. The plaintiff claim of intentional infliction of emotional distress based on a violation of the eight amendment. The plaintiff claim that the defendants intentionally cause

him harm and pain by illegally placed and house the Plaintiff in a over-crowded gym with over 200 inmates sleeping on the gym floor. The defendants use excessive force against the Plaintiff because he was complaining about the gym condition to Warden Wezner. Inadequate bathroom facilities crowding of inmates in non-housing areas. <u>Richardson</u> vs. <u>Sheriff of Middlesex Court</u>, 553 N.E. 2d at 1291-93. <u>Grubbs</u> v <u>Bradley</u>, 552 F. Supp. 1052, 1125-27 (M.D. Tenn. 1982) <u>Moore</u> vs. <u>Morgan</u>, 922 F. 2d 1553, 1558 (11th Cir. 1991). The defendants knew about the over-crowded gym and their conduct was extreme and outrageous but did nothing to improve it. The defendant conduct was the cause of the Plaintiff is distress.

SUPPLEMENTAL JURISDICTION

13. The Plaintiff request the court to exercise jurisdiction over the Plaintiff's state law claim.

Wherefore, the Plaintiff ask the Court that to grant this motion with all Respect.

The Plaintiff
Bristout Bourguignon
Pro-se

## CERTIFICATION

I hereby certify that a copy of the forgoing motion was mailed to the following date of April 18, 2005 to:

Robert B. Fiske, III
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

Bristout Bourguignon
BRISTOUT BOURGUIGNON
