UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
BRISTOUT BOURGUIGNON,           :
                                :
     Plaintiff,                 :
                                :        PRISONER
V.                              :   CASE NO. 3:03-CV-232 (RNC)
                                :
JOHN J. ARMSTRONG, ET AL.,      :
                                :
     Defendants.                :
```

RULING AND ORDER

On March 31, 2005, the court granted plaintiff's motion for leave to file a second amended complaint and granted in part and denied in part defendants' motion to dismiss claims in the second amended complaint. Plaintiff asks the court to reconsider its ruling, contending that the court failed to consider claims concerning the housing conditions at Corrigan Correctional Institution which were included in the original complaint but omitted from the second amended complaint.

Plaintiff is well aware that an amended complaint completely replaces the claims in the original complaint or any prior amended complaint. In another case filed by plaintiff, the court advised plaintiff of this fact in a ruling issued in May 2002. See Bourguignon v. Vogel, No. 3:00CV2464 (CFD) (D. Conn. May 23, 2002). Accordingly, the court concludes that it did not err in considering only the claims in the second amended complaint.

Plaintiff also claims that the court incorrectly concluded

that he had not exhausted his administrative remedies as to his claims of excessive force. The Court of Appeals for the Second Circuit has held that a prisoner must exhaust his remedies prior to filing a lawsuit. Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003). Plaintiff has misunderstood the basis for the court's conclusion that his claims of excessive force should be dismissed for failure to exhaust administrative remedies. The court reviewed the documents submitted by plaintiff as exhibits to his complaint and amended complaints and determined that those documents demonstrated that he had not exhausted remedies prior to filing this lawsuit. However, as noted by the court in its March 2005 ruling, plaintiff exhausted his remedies as to his excessive force claim after he filed this lawsuit. Thus, he is not precluded from filing a new action raising those claims.

Plaintiff's motion for reconsideration (doc. # 38) is granted. Upon careful reconsideration, the court adheres to its original decision.

So ordered.

Dated this 13th day of December 2005, at Hartford, Connecticut.

_____/S/_____
Robert N. Chatigny
United States District Judge