UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRISTOUT BOURGUIGNON, | : | PRISONER<br>CIVIL NO. 3:03CV232(RNC) |
| | : | |
| v. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | JANUARY 31, 2006 |

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

The two defendants, Investigator Brito and Counselor Southworth, by and through their undersigned counsel, hereby oppose plaintiff's Motion for Leave to File Amended Complaint, dated January 9, 2006.

By way of his Motion, the plaintiff is seeking to amend his complaint for a second time, thus constituting his third complaint. However, given that the defendants were successful in their motion to dismiss the first amended complaint as to all but the procedural due process claims against defendants Brito and Southworth, any claims against new defendants for cruel and unusual punishment would likewise fail. Moreover, the plaintiff has failed to sufficiently allege the personal involvement of the four individuals he seeks to add to the case. And in any event, permitting the addition of these defendants would be futile, as the three year Statute of Limitations on the claims expired on December 10, 2005. Consequently, the plaintiff's Motion For Leave to File An Amended Complaint should be denied.

The rules of federal procedure provide that leave to amend should be freely given when justice so requires. Rule 15(a), F.R.Civ. P.; *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct.227, 9 L.Ed.2d 222 (1962). However, the court has discretion in deciding whether or not to grant leave to amend. *Azurite Corp. v. Amster & Co.*, 52 F.3d 15, 19 (2nd Cir. 1995). Even in cases involving pro se litigants, it has been held that leave to amend need not be given if the proposed

complaint does not indicate that a valid claim may be stated. *Platsky v. CIA*, 953 F.2d 26, 29 (2nd Cir. 1991) (per curiam). And it need not be granted if it would be futile. *Pargburn v. Culbertson*, 200 F.3d 65, 70-71 (2nd Cir. 1999); *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2nd Cir. 1991); *Katzman v. Khan*, 67 F.Supp.2d 103 (E.D.N.Y. 1999); *Tri-State Judicial Services, Inc. v. Markowitz*, 624 F.Supp. 925, 926 (E.D.N.Y. 1985).

In the instant case, the plaintiff has no legitimate reason to amend his complaint for a third time. If the plaintiff's Motion For Leave to File An Amended Complaint is granted, the defendants will be extremely prejudiced and forced to defend what has become a series of morphing claims. The plaintiff has already amended his complaint once, thus removing any prejudice he may now claim. The defendants timely moved to dismiss that amended complaint and the motion was granted as to all but one claim, involving two defendants. But because there is no longer an Eighth Amendment claim in the case, the Statute of Limitations has expired, and the personal involvement of any of the four defendants the plaintiff seeks to add to the complaint is absent, any amendment would be futile. It is time for this case to proceed on the current operative complaint.

Accordingly, for the foregoing reasons, the plaintiff's Motion For Leave To File [Second] Amended Complaint should be denied.

                DEFENDANTS
                Brito and Southworth

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL

BY:   /s/
      Robert B. Fiske, III
      Assistant Attorney General
      110 Sherman Street
      Hartford, CT  06105
      Federal Bar #ct17839
      E-Mail: robert.fiske@po.state.ct.us
      Tel: (860) 808-5450
      Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this, the 31rst day of January, 2006:

Mr. Bristout Bourguignon, #265860
MacDougal Correctional Institution
1153 East Street South
Suffield, CT 06080

        /s/
      Robert B. Fiske, III
      Assistant Attorney General