UNITED  STATES  DISTRICT  COURT
DISTRICT  OF  CONNECTICUT


BRISTOUT BOURGUIGNON        :    PRISONER

V.                          :    NO.3:03cv232[RNC]

ARMSTRONG,ET.al             :    JANUARY 24 2006

Exhibit A


PLAINTIFF'S INTERROGATORIES
------------------------------------------------


Pursuant to rule 33 f.r.c.p.,The plaintiff Bristout Bourguignon
request that defendants investigator Brito and Advocate South-
worth are directed to answer each of the interrogatories in
writing under oath with thirty [30] days of service.

1.Please state the following:
 A).All defendants involved inthis cases and full names and
other name[s] which they have been known.

Defendant #1


Defendant #2


 B). All defendants work address.

Defendant #1

Defendant #2

 C).All defendants date of birth.

Defendant #1

Defendant #2

 C).All defendants social security.
Defendant #1

Defendant #2


2.Did the defendant advocate counselor Southworth interview
the plaintiff and took a written statement in regard of the
incident at Corrigan dated 12-15-02,after plaintiff was placed
on administration detention in the restrictive housing unit?

3.Did the defendant investigator Brito interview the plaintiff and took a written statement in regard of incident at Corrigan facility dated 12-15-02, after plaintiff was placed on adminis-tration detention in the restrictive housing unit?

4.Did the disciplinary investigator Brito conducted an investiga-tions into the allegation, of misconduct of each disciplinary ticket against the plaintiff prior to the hearing at Corrigan facility dated 12-15-02?

5.Did the disciplinary investigator Brito  conducted a pre-hear-ing investigation in regard of incident at Corrigan facility dated 12-15-02?

6.Did the defendant disciplinary investigator Brito provided the plaintiff a complete and legible copy of all disciplinary tickets within 24 hours of the discovery of the plaintiff's alleged misconduct in regard of incident at Corrigan facility dated 12-15-02?

7.Did the defendant disciplinary investigator Brito in accordance with the code of penal discipline 9.5 sec.24 informed the plain-tiff about the process of the disciplinary report at least 24 hours prior to any disciplinary hearing in regard of incident at Corrigan facility dated 12-15-02?

8.Did the defendant disciplinary investigator Brito informed the plaintiff of the available advocates in regard of incident at Corrigan facility dated 12-15-02?

9.Did the defendant investigator Britor indicated the plaintiff's decision on the disciplinary investigator report cn9505 [attach-ment] and if an advocate is selected, should he promptly notify the advocate?

10.Should the defendant disciplinary investigator Brito shall determine if the accused inmate desire inmate witness and shall list the name and number of each appropriate inmate witness and the name and position af any staff?

11.Did the plaintiff decline an advocate or identifies no witnes-ses before the disciplinary hearing in regard of incident at Corrigan facility dated 12-15-02?

12.Did the defendant disciplinary investigator Brito conducted an investigation into the circumstances of each disciplinary report that goes to hearing and gather all information deemed relevant to the disciplinary report in regard of incident at Corrigan dated 12-15-02?

13.Did the investigator Brito prepared a hearing docket and ensure that a report is brought to hearing in accordance with the time frames established in section 31(a) of the code and shall ensure that the inmate, any witnesses the advocate and evidence along with appropriate forms are available at the sche-duled hearing?

14. Did advocate counselor Southworth meet with the plaintiff at least 24 hours prior to the hearing and conduct a thorough investigation independently of the investigator and make a report cn 9509 (attachment j) in regard of incident at Corrigan facility dated 12-15-02 ?

15. Did advocate counselor southworth assisted the plaintiff in preparing a defense, and appear at and assist in making a presentation at a formal disciplinary hearing in regard of incident at Corrigan facility dated 12-15-02 ?

16. Was advocate counselor Southworth at the hearing dated 12-19-02 at Corrigan facility ? If not, was another advocate appointed to assist the plaintiff at the hearing at Corrigan facility dated 12-19-02 ?

17. Did both defendants advocate Southworth and investigator Brito allowed the plaintiff to call witnesses during the disciplinary hearing at Corrigan dated 12-19-02 ? If so, did they record the names on the disciplinary investigation report ?

18. Did both defendants advocate Southworth and investigator Brito gave the plaintiff an opportunity to present witness testimony at the disciplinary hearing at Corrigan facility dated 12-19-02 ?

19. Was the disciplinary hearing convened as soon as possible but not later than seven (7) business days of the date of the disciplinary report ?

20. Was any evidence may be physical evidence, a written statement or a document , or oral testimony presented at the disciplinary hearing at Corrigan dated 12-19-02 ?

21. Was a copy or listing of any physical evidence was giving or made available to the plaintiff or the plaintiff's advocate by the investigator at least 24 hours prior to the hearing dated 12-19-02 ?

22. Who presented the plaintiff's case in the disciplinary hearing at Corrigan facility dated 12-19-02 ?

23. Was any defense information recorded on the disciplinary process summary in regard of incident at Corrigan facility dated 12-15-02 ?

24. Did the hearing officer gave the plaintiff an opportinuty to present his version of the offense ,orally and or in writing during the disciplinary hearing at Corrigan facility dated 12-19-02 ?

25. Who was the hearing officer at the disciplinary hearing at Corrigan dated 12-19-02 ?

THE PLAINTIFF

## CERTIFICATION

I hereby certify that the following request was mailed to the following, this    day of january 24, 2006, to:

Robert B. Fiske III
Assistant Attorney General
110 sherman street
Hartford,CT. 06105


Bristout Bourguignon
Bristout Bourguignon

JACQUELINE BACHAN
NOTARY PUBLIC
MY COMMISSION EXPIRES 8/31/2006

1/24/06

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON   :       PRISONER

V.
                       :       NO. 3:03cv232 [RNC]

ARMSTRONG,ET,al        :       JANUARY 24, 2006


### PLAINTIFF REQUEST FOR PRODUCTION OF DOCUMENTS


Pursuant to rules 34 [a] [b] [C],fed.r.civ.p., the plaintiff
request for production of documents to the defendants Leland
Southworth and Derick Brito. The plaintiff request the defendant
to produce the documents listed within 30 days, either by provi-
ding the plaintiff with copies or by making them available to
the plaintiff for inspection and copying.

1.All official reports, investigation including the plaintiff's
statement and witness statement that investigator Brito and
advocate Southworth produce during the disciplinary hearing
in regard to incident at corrigan dated 12-15-02

2.A full complete process summary report done by advocate South-
worth and investigator Brito after the incident at Corrigan
facility dated 12-15-02

3.A full complete process of an investigation done by both advo-
cate Southworth and investigator Brito after incident at corrigan
dated 12-15-02

4.Names and tittle of all D.O.C employees unto held disciplinary
given report after incident at Corrigan dated 12-15-02.

5.A full complete copy of the plaintiff said petition during
disciplinary hearing at Corrigan facility dated 12-15-02.

6.A full complete process summary report done by advocate South-
worth and investigator Brito after the disciplinary hearing
at Corrigan facility dated 12-19-02.

7.Copy of video tape that was recorded during incident at Corri-
gan facility and was presented at the disciplinary hearing at
Corrigan facility dated 12-15-02.

8.A copy of the AURARO hallway video tape that was recorded
during incident at Corrigan and was presented during disciplinary
hearing at Corrigan dated 12-15-02.

9.All official reports, investigation and the plaintiff and
witnesses staments done by advocate Southworth before the disci-
plinary hearing at Corrigan facility when there is a use of
force in regard to incident dated 12-15-02.

JACQUELINE BACHAN
NOTARY PUBLIC
MY COMMISSION EXPIRES 8/31/2006

1/24/06

THE PLAINTIFF
-----------------------

## CERTIFICATION

I hereby certify that the following request was mailed to the
following, this      day of january 24, 2006, to:
Robert B.Fiske III
Assistant Attorney General
110 sherman street
Hartford,CT. 06105

Bristout Bourguignon

UNITED  STATES  DISTRICT  COURT
DISTRICT  OF  CONNECTICUT


BRISTOUT  BOURGUIGNON             :  PRISONER

V.                               :  NO.3:03cv232(RNC)

JOHN J. ARMSTRON ET.al           :  JANUARY 24, 2006


## PLAINTIFF  REQUEST  FOR  ADMISSION
_____

Pursuant to the federal rules of civil procedures, rule 36,defen-
dants investigator Brito and advocate Southworth required to
admit or deny the truth of the following statements of opinion
of fact or the application of law to fact. If the defendants
failed to admit to the truth of these matters, the plaintiff
 will apply to the court for an order requiring the defendants
Brito and Southworth to pay him the reasonable expenses incurred
 in making the proof including reasonable attorney's fees.

Accordingly, admit or deny the following:
1.Defendant advocate counselor Southworth interview the plaintiff
and took a written statement in regard of the incident at Corri-
gan facility dated 12-15-02.


2.Defendant investigator Brito interview the plaintiff and took
a written statement in regard of the incident at Corrigan facili-
ty dated 12-15-02.


3.The disciplinary investigator Brito conducted an investigation
of misconduct of each disciplinary tickets against the plaintiff
prior to the hearing at Corrigan facility dated 12-15-02.


4.The defendant investigator Brito conducted a pre-hearing
investigation in regard of incident at Corrigan facility dated
12-15-02.


5.Defendant investigator Brito provided the plaintiff a complete
and legible copy of all disciplinary tickets within 24 hours
of the discovery of the plaintiff's alleged misconduct in regard
of incident at Corrigan facility dated 12-15-02.


6.Defendant investigator Brito in occordance with the code of

penal discipline 9.5 sec 24 informed the plaintiff about the process of the disciplinary report at least 24 hours prior to any disciplinary hearing in regard of incident at Corrigan facility dated 12-15-02.

7. The defendant investigator Brito informed the plaintiff of the available advocate in regard of incident at Corrigan facility dated 12-15-02.

8. Defendant investigator Brito indicated the plaintiff's decision on the disciplinary investigator report CN9505 (attachment E) and promptly notify the odvacate selected.

9. Defendant investigator Brito conducted an investigation into circumstances of each disciplinary report that goes to the hearing and gather all information deemed relevant to the disciplinary report in regard of incident at Corrigan facility dated 12-15-02.

10. The plaintiff decline an advocate or identifies no witnesses before the disciplinary hearing in regard of incident at Corrigan facility dated 12-15-02.

11. Defendant Brito prepared a hearing docket and ensure that a report is brought to hearing in accordance with the time frames established in section 31(a) of code and shall ensure that the inmate, any witnesses the advocate and evidence along with appropriate forms are available at the scheduled hearing.

12. Advocate counselor southworth meet with the plaintiff at least 24 hours prior to the hearing and conduct a thorough investigation independently of the investigator and make a report CN9509 (attachment j) in regard of the incident at Corrigan ffacility dated 12-15-02.

13. Advocate counselor southworth assisted the plaintiff in preparing a defense, and appear at and assist in makingg a presentation at a formal disciplinary hearing in regard of incident at Corrigan facility dated 12-19-02.

14. Both defendants advocate Southworth and investigator Brito allowed the plaintiff to call witnesses during the disciplinary hearing at Corrigan facility dated 12-19-02.

15. Both defendants advocate Southworth and investigator Brito gave the plaintiff an opportunity to present witnesses testimony at the disciplinary hearing at Corrigan facility dated 12-19-02 .

16.As a result of the disciplinary charges plaintiff was found guilty of charge and was tranferred to Walker C.I. for chronic discipline.

1/24/06

THE   PLAINTIFF

JACQUELINE BACHAN
NOTARY PUBLIC
MY COMMISSION EXPIRES 8/31/2006

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent to the following on this day 24 of january 2006, to:

Robert B.Fiske,III
Assistant Attorney General
110 sherman street
Hartford, CT. 06105

Bristout Bourguignon