UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON

    v.

JOHN J. ARMSTRONG, et al.

PRISONER
Case No. 3:03CV232(RNC)(DFM)

RULING ON PENDING MOTIONS

On March 31, 2005, the court granted plaintiff's motion for leave to file a second amended complaint and granted in part and denied in part defendants' motion to dismiss claims in the second amended complaint. The court granted the motion to dismiss as to all state and federal claims against defendants Armstrong and Wezner, all claims for emotional distress and all claims of excessive force and denied the motion as to plaintiff's Due Process claim against defendants Brito and Southworth. Thus, the only claim that remains pending is the section 1983 claim against defendants Brito and Southworth alleging a violation of procedural Due Process in connection with plaintiff's disciplinary hearing on the charge of assaulting a correctional officer.

Pending before the court are plaintiff's motion for leave to amend, for settlement conference, to preserve evidence and to

compel and defendants' motion for extension of time.  For the reasons set forth below, the motions to amend, to preserve evidence and to compel are denied and the motions for settlement conference and for extension of time are granted.

I.   Motion for Leave to File an Amended Complaint [doc. # 44]

The plaintiff seeks leave to file a third amended complaint to add claims concerning the housing conditions at Corrigan Correctional Institution in December 2002.  These conditions of confinement claims are barred by the three year statute of limitations.  Thus, any attempt to add those claims to this action would be futile.  See Forman v. Davis, 371 U.S. 178, 182 (1962) (the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment, in determining whether to grant leave to amend); Acito v. Imcera Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995) (although the Federal Rules of Civil Procedure provide that leave to amend should be "freely given," Fed. R. Civ. P. 15(a), denial of a motion for leave to amend is appropriate where the proposed amendment would be futile).  Furthermore, permitting the plaintiff to add new claims would unnecessarily delay the litigation of this action.  The deadlines in the scheduling order have passed and this case must now proceed to trial.  Thus, the court concludes that justice does not require that the plaintiff

be permitted to file a third amended complaint to add claims that are barred by the statute of limitations. The motion for leave to amend is denied.

II. Motion to Preserve Evidence [doc. # 49]

The plaintiff asks the court to request that defendants Brito and Southworth preserve December 12, 2002 videotapes of the overcrowded gym and December 15, 2002 videotapes of an incident in the gym and correctional officers escorting him to the medical department from the gym. The plaintiff also requests that the defendants preserve any incident, medical and/or use of force reports or other evidence relevant to the incident on December 15, 2002, a copy of a petition mentioned by staff at Corrigan pertaining to the December 15, 2002 incident and a list of names of all inmates who were housed in the gym on December 15, 2002.

The plaintiff fails to set forth a basis for his motion. Because the court has denied plaintiff's motion to add the claim concerning the overcrowded gym, any videotape of that condition is not relevant. As indicated above, the only claim that remains pending is the claim that defendants Southworth and Brito denied plaintiff's procedural due process rights in connection with a disciplinary hearing. The plaintiff does not allege how any of the items he seeks to have the defendants preserve are relevant to that claim. Nor has the plaintiff alleged that he made a

3

formal request to the defendants to preserve the items listed in his motion. Accordingly, the motion to preserve evidence is denied for lack of good cause shown.

III. <u>Motion for Extension of Time [doc. # 47]</u>

The defendants seek a forty-five day extension of time to respond to plaintiff's January 24, 2006 Interrogatories, Request for Production and Requests for Admission. The motion is granted absent objection. If they have not already done so, the defendants shall serve their responses to the above discovery requests on the plaintiff within twenty days of the date of this order.

IV. <u>Motion to Compel [doc. # 50]</u>

The plaintiff seeks to compel the defendants to respond to his January 24, 2006 Interrogatories, Request for Production and Requests for Admission. A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Rule 37(a)2 of the Local Civil Rules of the United States District Court for the District of Connecticut. Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff states that defendants have failed to respond to his January 24, 2006 discovery requests. He does not indicate that he attempted to contact counsel for the defendants in an effort to resolve this discovery dispute prior to filing this motion. Because the plaintiff has not complied with the provisions of Local Rule 37(a)2, the plaintiff's motion to compel is denied without prejudice.

V.  Motion for Settlement Conference [doc. # 46]

The plaintiff requests that the court schedule a settlement conference. Counsel for the defendants has represented to the court that a settlement conference might be beneficial at this point. As the deadlines in the scheduling order have now passed, the court concludes that a settlement/pretrial conference would be appropriate. The motion for settlement conference is granted.

## Conclusion

The Motion for Leave to File a Third Amended Complaint **[doc. # 44]** is **DENIED**. The Motion to Preserve Evidence [**doc. # 49**] is **DENIED** for lack of good cause shown. The Motion for Extension of Time [**doc. # 47**] to respond to plaintiff's January 24, 2006 Interrogatories and Request for Production and Request for Admission is **GRANTED**. If they have not already done so, defendants Brito and Southworth shall serve their responses to the above discovery requests on the plaintiff **within twenty days**

**of the date of this order**.  The Motion for Settlement Conference [**doc. # 46**] is **GRANTED**.  The Motion to Compel [**doc. # 50**] is **DENIED** without prejudice.

**SO ORDERED** this 3rd day of May, 2006, at Hartford, Connecticut.

/s/ Donna F. Martinez

Donna F. Martinez
United States Magistrate Judge